ROLAND S. BAKER, BY RALPH BAKER, HIS NEXT FRIEND, AND RALPH BAKER, RESPONDENTS, v. FOGG & HIRES COMPANY, APPELLANT.

Submitted July 5, 1920—Decided November 15, 1920.

1. Where there is a variation between the averments of the complaint and the proofs, and the meritorious questions have been tried out, the court should not grant a nonsuit, but, in the interest of justice, should permit an amendment of the complaint, and this court has power so to do.
2. Contributory negligence is a matter of defence under our present Practice act and not a ground for taking the case away from the jury upon the plaintiff's proofs.
3. The mere failure to obey a traffic regulation is not *per se* negligence—that is, failure to observe it is not necessarily a contributing cause to the accident. Whether in a given case it is or is not is a matter to be determined by a jury.

On appeal from the Supreme Court.

For the respondents, *Walter H. Bacon, Leroy W. Loder* and *Walter H. Bacon, Jr.*

For the appellant, *Garrett Z. Demarest* and *Rex A. Donnelly.*

The opinion of the court was delivered by

WILLIAMS, J. The plaintiff, Roland S. Baker, a boy of twelve years, was proceeding northerly on Bank street in Bridgeton, on a bicycle on his way to school. He was riding in the cement gutter on the right hand side of the street. Bank street runs north and south and is intersected by Orchard street, which runs east and west. When Baker came to the southerly line of Orchard street he turned to the left, endeavoring to turn from Bank street to proceed westerly on Orchard street. Near the northwest corner of Bank and Orchard streets he was struck by an automobile truck driven

by an employe of the defendant company which was proceeding easterly on Orchard street and endeavoring to turn to proceed northerly on Bank street. The only eye-witness, other than the boy and truck driver, testified as follows: "The boy was going on his bicycle and he was on his right side by the gutter, and the automobile was on his left side, and the boy went across and the automobile didn't toot his horn, and the boy went across and the automobile hit him." And this witness identified the corner where the boy was run over as the northwesterly corner.

Suit was brought by the boy and his father to recover damage sustained by them respectively. The trial resulted in a verdict against the defendant and it appeals from the judgment.

The first ground appellant makes is that the trial court should have granted a nonsuit "as the evidence was not responsive to the pleadings in that the complaint alleges, 'plaintiff, Roland S. Baker, was endeavoring to turn into Orchard street on his way to the entrance to said schoolhouse yard, on his right side,' while the evidence was that he made the turn on his left side."

We are not at all certain that the criticism of the complaint is justified by a reading of it, nor that there was a variation between the averments of the complaint and the proofs, but conceding this to be the fact, the meritorious questions were tried out and the court ought not to have nonsuited, but, in the interests of justice, permitted an amendment of the complaint, and this court is entitled to do that now, and the motion of the respondent to amend the complaint in such manner as to indicate that at the said street intersection, plaintiff, Roland S. Baker, "turned to the left, but kept to the right as required by law," should be granted.

By force of section 27 of the Practice act of 1912, a judgment will not be reversed for error as to matter of pleading or procedure unless on the whole case it shall appear that the error injuriously affected the substantial rights of the ap-

pellant; hence, if such rights are not so affected, the alleged errors need not be examined. *Ridgeley* v. *Walker*, 86 *N. J. L.* 590.

It is further contended that the contributory negligence of the boy was so plainly shown that a nonsuit should have been directed on that ground also. Contributory negligence is a matter of defence under our present practice and not a ground for taking the case away from the jury upon the plaintiff's proofs; it was certainly a jury question whether the boy was negligent. He was traveling on his own side of the road where the law required him to in making the turn into Orchard street. The Traffic act of 1915 (*Pamph. L.* 1915, *p.* 289, § 4) provides that, "Every driver of a vehicle approaching the intersection of a street or public road shall grant the right of way at such intersection to any vehicle approaching from his right." The boy, therefore, had the right of way, and it was not negligence on his part to assume that the truck driver would keep to the right of and beyond the center of the intersection of the two streets as provided by section 6 of said Traffic act (*p.* 286), which provides that, "A vehicle turning into another road to the left shall, before turning, pass, when possible, to the right of and beyond the center of the intersection of the two roads." The defendant's employe, instead of keeping beyond the center of intersection in making the turn, swung over to his left, beyond the center and struck the boy while he was near the curb. It is contended that he was negligent because he was coasting. The evidence shows the boy was not coasting within the meaning of the Traffic act of 1915 (*Pamph. L.* 1915, *p.* 296, § 22), which provides that "The rider of any bicycle shall not allow the same to proceed in any street by *inertia momentum*, with his feet removed from the pedals." The proof shows that he at all times had his feet on the pedals, and coasting, if it existed, was prior to the accident and there is no proof that it was continued until the collision.

Another contention is that the Traffic act requires a person riding a bicycle, and about to make a turn, to extend his

hand, or operate an adequate mechanical device indicating the direction in which the turn is to be made, and that his failure to do this was negligence. The mere failure to observe a traffic regulation is not *per se* negligence, that is, failure to observe it is not necessarily a contributing cause to the accident. Whether in a given case it is or is not is a matter to be determined by a jury.

In *Winch* v. *Johnson,* 92 *N. J. L.* 219, this court held, "Where an automobile at an intersecting street, collided with a motorcycle coming in the opposite direction, the fact that the automobile failed to observe the provisions of the Traffic act does not *per se* present the basis for the direction of a verdict against the defendant, such fact being but one factor in the situation, which, considered as a whole, presents a jury question as to the defendant's negligence under all the circumstances."

The next contention is that certain X-ray plates showing the boy's injuries were improperly admitted in evidence. No exception was taken to their admission as shown by the record, pages 41 and 42:

"Mr. Donnelly—I shall object to the plates then, on the ground the testimony shows all plates out there are marked 'Bridgeton Hospital.'

"The Court—Yes, but he says he made these plates, and he identifies them as those made of the plaintiff." (Page 41.)

"Mr. Donnelly—I object to the offer of the plates.

"The Court—They will be received, if there is no other objection." (Plates marked *Exhibits P 2* and *P 3*.) (Page 42.)

No exception was taken to this ruling.

In *Kargman* v. *Carlo,* 85 *N. J. L.* 632, Mr. Justice Trenchard, speaking for this court, says: "No ruling relating to the reception or rejection of evidence will be reviewed unless the record discloses that an objection to such ruling was duly made or such ruling otherwise challenged at the time of the ruling. * * * Perhaps no better form of expression can

be devised to advise the judge that his ruling is to be made the subject of review than for counsel to say, 'I desire to note an exception.' "

Moreover, had there been a proper exception, the trial judge would have ruled correctly in their admission. They were produced by a roentgenologist whose qualifications were not objected to, who made them and fully identified them and truly depicted the injury in two stages, one three days after the accident and the other a month and a day after the first photograph.

The next contention is that the court erred in instructing the jury that, "The boy is entitled, if your verdict be for the plaintiffs, to recover a sum which will compensate him for past and future suffering, if from the evidence you find there is likelihood that there will be suffering in the future, such sum as will compensate him for that suffering and for the discomfort, mental anguish, loss of his ability to do those things which human beings in the ordinary course of life are permitted and should be permitted to enjoy."

The complaint of the appellant does not seem to be applied to this language but to the failure of the trial court to specify that compensation could only be found for such suffering as arose from the injuries received in the accident; but a reading of the charge shows that this was exactly what the court was charging. If the defendant had at the time of trial any fear that the jury would award damages for some injury which did not arise from the accident, counsel for appellant should have protected his client by a request to charge on that subject. He cannot now make the statement of the court, which is perfectly proper, a basis for his omission in this respect.

The exceptions to the refusal of the court to charge on certain requests have no merit, as these were matters to be taken into account by the jury in determining the question of contributory negligence; they were charged in effect, so far as they were proper.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TREN-CHARD, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 13.

*For reversal*—None.