AMETRIA LANDRA, APPELLANT, v. SALVATORE MARONE, TRADING AS MARONE & COMPANY, AND NICHOLAS ALTIERI, RESPONDENTS.

Submitted October 26, 1928—Decided February 4, 1929.

For the appellant, *Heller & Boss* (*Aaron Heller*, of counsel).

For the respondents, *William B. Stites*.

The opinion of the court was delivered by

KALISCH, J. This is an appeal from a judgment of nonsuit. The plaintiff-appellant was a passenger riding on a southbound trolley car proceeding along Main avenue, in the city of Passaic, and when the car reached the corner of Main avenue and Summer street, it stopped at the crossing to let the appellant alight. It was about five-thirty o'clock in the morning of the 28th day of October, 1927, and there was a fog prevailing, which according to the plaintiff's story, afforded him only a vision of between twenty to forty feet to observe approaching vehicles. He alighted from the front of the car, and as soon as it passed him on its journey, he proceeded to cross the street. There were two sets of tracks for the appellant to cross. The one on which the car was operated, and the adjoining set on which cars going in the opposite direction were run. After the car from which appellant had alighted passed him, according to his story, he looked both ways—to the right and to the left—and observing no vehicles approaching, he crossed both sets of tracks, and was on his way to the sidewalk, when he was struck by the auto-truck which was being operated by the defendant Marone's servant.

There was testimony to the effect that there were no lights

on the truck, and no warning of any kind given of its approach, and that it was being driven at a fast rate of speed, and had traveled from seventy-five to a hundred feet after striking the appellant.

The appellant having rested his case, counsel of respondents moved for a nonsuit upon two grounds, firstly, that the plaintiff did not prove ownership or operation, and secondly, that the plaintiff himself was guilty of contributory negligence.

The trial judge having intimated that it was not necessary to discuss the question of ownership or operation of the auto truck, a colloquy ensued between court and counsel in which it was admitted by counsel of defendants, that the defendant Marone was part owner of the car. Furthermore, the answers and specifications of defenses filed by the respondents to the appellant's complaint, practically conceded ownership and operation.

There was no defense adequately pleaded that Marone was not the owner, or that the operator was not in his employ, or was not the driver of the truck at the time of the accident.

The judgment of nonsuit was judicial error.

The question, whether or not the plaintiff failed in the exercise of that degree of care for his own safety, so as to charge him with negligence, contributing to the defendants' negligence, and thus causing his, the plaintiff's injury, presented a factual question which was required to be submitted to the jury for its decision. *Pool* v. *Brown,* 89 *N. J. L.* 314.

When the appellant alighted from the car, which had stopped for that purpose, if the driver of the auto truck had been on the alert, and in the exercise of due care, he should have perceived, standing or walking on the public highway, the appellant, who was entitled to cross from where he alighted by way of the crossing, and was not warranted to stand still in the middle of a public thoroughfare and expose himself to the perils of so doing, and in such a situation a duty devolved upon the operator of the truck to put and keep his vehicle under control or stop it altogether, if necessary, in order to give the appellant an opportunity to reach a place of safety. The appellant was not bound to anticipate that his right to

cross the street, and reach a place of safety, would be disregarded.

Judgment of nonsuit is reversed, with costs.

*For affirmance*—TRENCHARD, PARKER, JJ. 2.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, KALISCH, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, HETFIELD, DEAR, JJ. 11.