JOHN KOVACS AND ELIZABETH KOVACS, RESPONDENTS,
v. HARRY FORD, APPELLANT.

Submitted May 29, 1931—Decided February 2, 1932.

For the appellant, *Henry K. Golenbock.*

For the respondents, *John E. Toolan.*

The opinion of the court was delivered by

KAYS, J. This was an action brought to recover compensation for personal injuries received by the plaintiff Elizabeth Kovacs, when struck by an automobile driven by the defendant, Ford, during the evening of November 14th, 1929, and also compensation to her husband for expenses to him resulting from his wife's injuries and for loss of her services and

society. The jury returned a verdict in favor of the plaintiff Elizabeth Kovacs for the sum of $6,000 and in favor of the plaintiff John Kovacs in the sum of $1,850.

The first ground upon which this court is asked by the defendant, the appellant here, to reverse the judgment on the verdicts is that there was no proof of negligence on the part of the defendant which would make him liable, and that there was proof of contributory negligence on the part of Mrs. Kovacs and that, therefore, the trial court erred in refusing to nonsuit on these two grounds.

It is argued that there is no proof that the car of the defendant inflicted the injuries upon Mrs. Kovacs. This contention, however, is not true in fact for two witnesses called by the plaintiffs testified directly on this point. One of them was Isadore Dubrow. He testified that he had a conference with the defendant respecting this accident. While on the witness stand, this witness in reply to a question as to whether Ford had said anything to him concerning the accident, said, "yes, he said he didn't see the woman until after he had struck her." Another witness was John Egan, sergeant of police in Woodbridge township, in which township the accident occurred. Egan testified that Ford came to the police station and talked to him about the accident. During the conversation Ford said that he was driving north on Amboy avenue near Thirst Haven, struck Mrs. Elizabeth Kovacs of Inslee street, Perth Amboy, who was walking on the right side of the road going north. Egan testified that he wrote down the statement made by Ford when it was given to him on November 14th, at 8 P. M. This statement was put in evidence. This, of course, made it a jury question and the court properly refused to direct a nonsuit.

It is further argued that the mere fact that Mrs. Kovacs was struck by the defendant's automobile does not show negligence on the part of the defendant. The proofs showed that Amboy avenue, on which the defendant was driving, is a concrete road without sidewalks and that outside of the concrete, and on each side thereof, are earth shoulders. The testimony of Mrs. Kovacs was that she was walking along on

the dirt portion of the road when she was struck by the automobile. The plaintiff testified that while she was walking on the dirt shoulder that the defendant, without giving any warning, as was admitted, either by blowing a horn or by any other signal, allowed his car to run into her. Therefore, the question of the defendant's negligence as a producing cause of the accident was one for the jury to determine. The defendant testified, on the other hand, that he was following the center of the road. It, therefore, appears that the question of contributory negligence of the plaintiff Mrs. Kovacs was also a question for the jury to decide. We, therefore, think that there is no merit in these contentions. It is urged on behalf of the appellant that, in the exercise of reasonable care, Mrs. Kovacs was required to keep turning and looking backward very frequently in order to observe whether any vehicle was approaching on the highway and traveling in the direction in which she was walking. If she failed to make such observations, in the manner aforesaid, it is urged that she failed to exercise reasonable care. This was a question for the jury. Whether a person walking along a highway, not on the concrete as she claimed to be, is guilty of negligence in failing to look around frequently for the purpose of discovering whether an automobile may be approaching from behind is a question for the jury. It seems to us that a reasonably prudent person would assume that no vehicle was approaching from his or her rear off the concrete unless such vehicle should give warning of such approach.

The other contentions are that the trial court erred in refusing to charge certain requests submitted on behalf of the defendant. There were twelve of these requests in all, of which the judge charged six and refused the others, each refusal is assigned for error. The first request, which the trial court refused to charge, is as follows: "The plaintiff was obliged to walk near the edge of the road, in order to be able to give way to an approaching vehicle, so as to permit its passage by stepping off the road." The plaintiff was under no more obligation to walk near the edge of the road than the driver of a car is under an obligation to drive along the

edge of the road. Whether it was her duty to keep on her own side of the middle of the road and if she was warned of the approach of a vehicle to then be near enough to the edge of the concrete to avoid being struck by such vehicle, is not a question for the court to decide but is one for the jury to determine. The next request to charge, which the court refused, was as follows: "The degree of care required of the plaintiff was much greater on this night on account of the condition of the weather, than it would have been on a clear night." The judge had already charged the jury on this point stating that reasonable care was the care that would be exercised by a reasonably prudent person under the then existing conditions. We think this charge of the court properly stated the law in the case. We do not think that the court should say that the degree of care was much greater. The next request, which was refused, is as follows: "The plaintiff's failure to turn around and watch or look out for approaching automobiles in the rear, under the existing weather conditions, is guilty of contributory negligence." Such a charge would remove the question of contributory negligence in this case from the jury and we think the court properly refused to charge the same as the court had already charged the jury relative to the degree of care which the plaintiff must exercise under the then existing conditions. The next request to charge, which was refused by the court, was as follows: "It was the duty of the plaintiff to have used all her senses in order to exercise care in avoiding to be struck by an automobile using the same highway and in the same direction, in which she was walking, &c." This question, as to the care of the plaintiff, already has been disposed of and as stated above was covered in the court's charge. However, it certainly was not the duty of the plaintiff to use all her senses in order to exercise care under the conditions in this case for such a requirement would include the senses of taste, smell and touch which certainly she was not required to exercise. The next request which the court refused to charge was: "If the jury finds that the plaintiff was walking on the highway, and failed to keep as near as possible to the

extreme right side or edge of the same, she was guilty of contributory negligence." The law relative to contributory negligence has already been charged by the court as has been said above. However, the conditions stated in this request would make the matter of contributory negligence a court question if the jury believed that the plaintiff failed to keep as near as possible to the extreme right side of the highway. We think that such is not necessarily contributory negligence. The next request, which the court refused to charge, is as follows: "The plaintiff was guilty of contributory negligence in failing to use the left side of the road so that she would be facing vehicles coming in her direction, in view of the dense fog then existing; and also, was guilty of contributory negligence in failing to carry a light or lamp so as to give notice or warning to automobile drivers of her presence on said roadway." The same objection is present to this request as to the last request above set forth and the court below properly refused to charge it.

We, therefore, are of the opinion that the judge charged the jury on the question of contributory negligence properly and stated that reasonable care was the care that would be exercised by a reasonably prudent person under the existing conditions. That is the proper rule, and all the defendant was entitled to have charged by the court on that point.

The judgment under review is therefore affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 15.

*For reversal*—None.