EMIL KLEIN, ADMINISTRATOR AD PROSEQUENDUM OF
THE ESTATE OF EDWARD R. KLEIN, DECEASED, RE-
SPONDENT, v. JOSEPH FRANK, APPELLANT.

Argued February 8, 1932—Decided May 16, 1932.

For the respondent, *Burton A. Gaskill.*

For the appellant, *Thompson & Hanstein.*

The opinion of the court was delivered by

KAYS, J.   This suit was brought by Emil Klein, administrator *ad prosequendum* of Edward R. Klein, deceased, for damages arising out of an accident whereby it was claimed that the said Edward R. Klein was struck by an automobile which the defendant, Joseph Frank, was driving along the White Horse Pike, which is a public highway in Atlantic county.   The evidence disclosed that on August 5th, 1928, plaintiff's intestate was walking in an easterly direction between ten and ten-thirty P. M., either upon the gravel shoulder or along the pavement of the said White Horse Pike and the defendant was driving his car in the same direction.   As a result of the injuries received by Edward R. Klein, he died a few hours after the occurrence of the accident.   The defendant denied all knowledge of it.   Edward R. Klein was a young man about seventeen years of age, weighed one hundred and sixty-five pounds and was six feet two inches tall. A witness, Charles Mateer, who lived about fifty feet from the scene of the accident was sitting in his house drinking coffee.   He testified that he heard screeching brakes and a thud, and thereupon rushed to the front portion of his house, looked up and down the White Horse Pike and saw a Ford sedan standing just below his house in the direction of Atlantic City.   He then looked up the road toward Egg Harbor and saw a straw hat lying on the gravel shoulder of the road. He watched the Ford sedan which immediately proceeded toward Atlantic City and saw it stop at a service station. There were no other cars in sight when he arrived on the porch.   He thereupon discovered near the straw hat Edward R. Klein lying on the gravel shoulder of the road.   The state police were telephoned for and the said Klein was taken to a drug store.   Thereafter Mateer and a state trooper went to the service station where the Ford sedan had stopped.   The proprietor of the service station was called as a witness and testified that the man who stopped at his service station was

later brought back there by one of the state police and that man was the defendant, Frank. The evidence of one of the state police, named Beylon, was to the effect that on August 5th, about ten o'clock P. M., he passed the scene of the accident and saw a young man walking on the right-hand shoulder of the road in the direction of Atlantic City and that a short distance behind him was a Ford sedan moving in the same direction. Shortly thereafter he returned to the scene of the accident and discovered that someone had been hit by a car. He saw blood stains along the road about ten feet beyond the place where he had previously seen Edward R. Klein walking. The state trooper took Klein to a hospital. The defendant was apprehended later on and brought back to the service station and the scene of the accident. An examination of the car disclosed that the front right-hand fender was bent and contained brush marks. Marks on the hood indicated that a hand had passed over it. There was also a dent in the right cowl near the right front door. The hinge of the door was damaged and a piece of scalp and reddish dark hair was attached to it. This hair was the same color as that of the decedent. There was further testimony that the defendant had stated after the accident that he had been driving all day and was tired and that the constant glare of headlights along the road had made him quite tired and blinded him, and that he had felt bumps on the way down when he got off the concrete on the gravel shoulder, and that just before he got to the gasoline station, above mentioned, he felt a bump and pulled into the gasoline station; that at the time he felt this bump he was going about thirty-five miles an hour. The state trooper testified the defendant stated to him that just before he reached the service station he heard an unusual noise and a bump as if he had run over or struck something. The case went to the jury and the jury rendered a verdict in favor of the plaintiff and against the defendant for the sum of $3,500 and costs. From this judgment the defendant appeals here.

The first ground of appeal is that the court erred in refusing to grant a nonsuit. We think the court properly refused

this as the evidence was sufficient if the jury believed it, to show that the said Edward R. Klein had been struck by defendant's car and that the defendant was negligent in the operation of the same at the time of the accident.

It is next contended that the court should have directed a verdict in favor of the defendant at the close of the case. We also think that this was a question for the jury and not for the court to decide as there was sufficient evidence to show that the defendant was negligent in the operation of the car and that there was no contributory negligence on the part of the decedent as before stated. The decedent was a large boy, dressed in light clothes, wearing a straw hat, and a few minutes prior to the accident was walking on the gravel shoulder of the road and there were at least three lights within fifty feet of the scene of the accident, and the defendant was seen driving near the scene of the accident at about the time the accident occurred and admitted being on the scene of the accident at about that time, and also admitted that he was tired and had been off the concrete pavement on the shoulder of the road at about the scene of the accident.

It is next argued that the court erroneously charged the jury when it said: "The questions of negligence and contributory negligence are largely determined, or, at least, to some extent determined by your determining where this collision occurred, if you find a collision did occur, between the automobile and the boy," and also urges that the court erred in the following charge: "If from the evidence you should find that the boy was walking on the paved surface of the road, where it is common knowledge that automobiles were constantly running back and forth, and not on the shoulder of the road, which was the part intended for use by pedestrians, you would have a different situation than that which the plaintiff presents to you." The court in its charge, however, further explained that it was for the jury to determine whether the boy, by the exercise of reasonable care, could have prevented the collision, and, if so, that even if the defendant was negligent the defendant would not be liable. The court also said that he left it to the jury to determine

whether or not there was a walkway along the road intended for pedestrians and then said: "If I am wrong about that, your recollection will govern mine. You are the sole judges of the testimony and it is for you to say whether or not he was walking in a place provided for pedestrians or a place that was suitable for him to walk at the time he was walking." We are of the opinion that the court's charge taken as a whole presented to the jury the correct law in the case and if the parts of the charge complained of standing alone were not proper, they were explained and properly stated in the latter part of the charge above referred to. It does not seem, however, that the defendant was harmed by the parts of the charge objected to because the questions of negligence and contributory negligence, as before stated, were for the jury to determine. The law relative to the question of negligence and contributory negligence was expressed by this court in the case of Kovacs v. Ford, and decided at the last term of this court, reported in 108 *N. J. L.* 379. This court stated in that case that the question of negligence on the part of the plaintiff was not a court question but a question for the jury to determine.

The judgment below is therefore affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.

*For reversal*—None.