FLORENCE BRANIGAN, APPELLANT, v. ARTHUR W. DEMAREST, RESPONDENT.

Submitted February 12, 1932—Decided May 16, 1932.

For the appellant, *Kinkead & Klausner*.

For the respondent, *Reginald V. Spell*.

The opinion of the court was delivered by

WELLS, J. This is an appeal from a judgment of nonsuit in the Hudson Circuit of the Supreme Court.

The plaintiff-appellant, Florence Branigan, brought an action against the defendant-respondent, Arthur W. Demarest, to recover damages for personal injuries she sustained in a collision with the defendant's automobile.

The trial court directed a nonsuit on the ground that the plaintiff was guilty of contributory negligence.

The propriety of this ruling is the only point involved in the case.

This court has held in *Fox* v. *Great Atlantic and Pacific*

*Tea Co.,* 84 *N. J. L.* 728, and in a long line of similar cases, that negligence and contributory negligence are pre-eminently questions of fact for the jury, and that unless it is established by the evidence beyond fair debate that the plaintiff injured by a collision in the street was guilty of negligence which directly contributed to the injury complained of, defendant's motion to nonsuit or direct a verdict on the ground of contributory negligence will be denied.

On the other hand this court has held in *New Jersey Express Co.* v. *Nichols,* 33 *N. J. L.* 434, and numerous other cases, that if it appears by the plaintiff's evidence when he rests his case, that his own negligence contributed to the injury in such a manner that if he had not been negligent, he would have received no injury from the negligence of the defendant, it is the duty of the court to nonsuit; and that if the injury was contributed to in this sense by the plaintiff's negligence, the comparative degrees of the negligence of the parties is immaterial. If the injury was occasioned in any degree by the plaintiff's own negligence, he is without redress, unless the act of the defendant amounted to a willful trespass or intentional wrong.

At the conclusion of the plaintiff's case the facts brought out in the testimony were briefly as follows:

On April 17th, 1929, the plaintiff took a public service bus from the place of her employment in Newark to go to her home in Kearny. The bus, which had been traveling in a northerly direction along Belgrove Drive, stopped at the intersection thereof with Wilkinson Terrace to discharge passengers. The plaintiff, who was either the first or second to alight from the bus, stepped from the right side thereof and turning to the left, proceeded to cross the street in front of the bus, where the crosswalk would be. She passed across in front of the bus, going in a westerly direction.

Defendant was driving his automobile along Belgrove Drive in a northerly direction and coming from behind the bus passed it on its left while it was standing, and a collision occurred between the automobile of defendant and plaintiff, resulting in plaintiff's injuries.

The plaintiff claims to have looked to the right (north)

and when she got to the westerly side of the bus she looked left (south), and as she was looking to the left and stepping at the same time, she was struck by the defendant's passing car.

The testimony clearly indicates that she was just clearing the front of the bus when struck.

The defendant, in interrogatories which the plaintiff offered, admits that he was driving twenty to twenty-five miles an hour as he approached the bus and gave no warning of his approach. Plaintiff claims that the car passed her at a high rate of speed and was not more than a foot from the side of the bus when the collision took place.

The trial court asked the plaintiff some questions, the answers to which afford a fair summary of the plaintiff's testimony as to the cause of the accident.

Plaintiff said that when she got off the bus she stopped and saw that other people were getting out and she walked in front of the bus and as soon as she got to the front end of the bus nearest the middle of the street she put her foot out and got hit.

In response to a question by the court as to whether she looked, she said she did; that she always looked because she knew how dangerous it was there.

In response to another question by the court as to whether she did anything as she came in front of the bus other than to proceed on, she replied: "I looked first right and when I got to the end of the bus, I looked left. That's when I got hit the same instant I looked."

The final colloquy between the court and plaintiff was as follows: "Q. Well, do you know how it was from the facts of the case that you were struck by the car if, as you say, you looked when you came to the left end of this bus and were struck almost immediately, if you had not gone beyond the bus? A. Well ——. Q. The automobile didn't hit the bus? A. Well, just as I stepped, it must have been my knee, because my knee was hurt a bit too, then. Q. Do you mean you stepped out before you looked. A. While I was looking. This is the end of the bus [indicating]. I didn't expect any car to be on top of the bus. It was right close to it."

There was evidence in abundance of the negligence of the defendant, in that he was operating his automobile at high speed and without warning and passing a standing bus at close proximity thereto.

The plaintiff had a right to anticipate that the defendant would approach the crosswalk with due regard for her superior right under the Traffic act to pass over. But, as was held in the case of *Bora* v. *Yellow Cab Co.,* 103 *N. J. L.* 377: "A pedestrian, who happens to have at a street crossing, under the Traffic act in the circumstances, the right of way over an automobile approaching such crossing at the same time, is not relieved of the legal duty to use reasonable care to avoid colliding with such automobile should its driver disregard such right of way."

It is admitted that the point of collision on the automobile was the right rear mudgard, and the evidence clearly showed that the plaintiff walked into the automobile. She herself virtually admits it. At the time she took the step forward she says the car was there.

We fail to see how the plaintiff could have stepped into the right side of defendant's automobile had she made a reasonable inspection to see what might be coming.

Just as the defendant was required to look out for passengers crossing the street in front of the bus, such passengers were likewise required to look out for cars coming up behind the bus and passing it on its left.

The case of *Conrad* v. *Green,* 94 *Atl. Rep.* 390 (not officially reported), is, we believe, on all fours with the case *sub judice.* In the Conrad case, plaintiff was crossing West State street in Trenton from a point on its north side where Chancery street opens into it, and in so doing, passed directly in front of a west-bound trolley car that was stationary on the northbound track. His vision of west-bound vehicles was entirely cut off by this trolley car, and as he emerged from its far side, he was hit by the automobile of the defendant going westward, which had come up behind the car. The Supreme Court said that while the conduct of the chauffeur may have been negligent, but so was that of the plaintiff in crossing a narrow city street, when he knew

that he had no knowledge and no means of knowing the conditions that were hid from his vision by the standing trolley car.

The Supreme Court in its *per curiam* opinion, in affirming the judgment of nonsuit of the Circuit, said:

"The elemental rule of care required that the plaintiff should make some observation that would be reasonably effective for his own safety. The only observation he made was one that conclusively showed him that no effective observation could be made by reason of the standing car. If in this condition of affairs he walked directly in front of this obstruction to his vision, he took no care at all of the sort that the law requires. A delay of a fraction of a minute or a slight detour to the west in passing in front of the standing car would have offered some opportunity for an effective observation as to possible danger from the only source from which it might be apprehended. The course pursued by the plaintiff afforded him no opportunity to make any observation of the sort that, as a reasonably prudent man, he was required to make."

We believe this to be a correct enunciation of legal principles applicable to the case *sub judice*. The plaintiff was confronted with precisely the same conditions as those which were present in the Conrad case. She made no effective observation before leaving the front of the bus. Having undertaken to continue past the front of the bus when she was unable to make an effective observation, and having proceeded no further than a step past the side of the bus when the accident occurred, we are of the opinion that she was guilty of contributory negligence, without which the accident would not have happened.

The judgment of nonsuit, therefore, is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, KAYS, HETFIELD, WELLS, JJ. 10.

*For reversal*—DONGES, VAN BUSKIRK, DEAR, KERNEY, JJ. 4.