GUSSIE STERN, AS ADMINISTRATRIX AD PROSEQUEN-
DUM OF THE ESTATE OF HENRY STERN, DECEASED,
PLAINTIFF-REPONDENT, v. STULZ-SICKLES COMPANY,
A CORPORATION, DEFENDANT-APPELLANT.

Submitted May 27, 1932—Decided October 17, 1932.

For the appellant, *Frank G. Turner.*

For the respondent, *Kent & Kent* (*Samuel Kent,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. This action was brought to recover damages under the Death act for the death of Henry Stern. The case was tried in the Hudson Circuit before Judge Oliphant, to whom it had been referred, and the jury returned a verdict for the plaintiff. This is the defendant's appeal.

The main contention of the defendant is that the judgment entered upon the verdict should be reversed because of the refusal of the trial court to grant a nonsuit and to direct a verdict for the defendant upon the grounds—(1) that there was no proof of defendant's negligence; (2) that the decedent was guilty of contributory negligence, and (3) that the injuries received by the decedent in the accident did not cause his death.

We think that the contention is ill-founded.

Considering the evidence in the light most favorable to the plaintiff, as of course we must on such motions, it was open to the jury to find the following matters of fact:

On October 29th, 1929, in the early afternoon, on a clear day, the decedent, Henry Stern, was returning from business via the West Side Bus Line on West Side avenue in Jersey City. In that avenue two sets of trolley tracks are laid and it was intersected by Grant avenue. The bus in which decedent was a passenger stopped at the crosswalk at Grant avenue at the curb, leaving four feet of clear space between the bus and the nearest trolley rail. Decedent alighted from the bus, followed by another passenger, and the decedent walked along the crosswalk in front of the bus to get a clear view of the street which he desired to cross. At the point where he cleared the bus he looked "both ways" on West Side avenue "turning his head." There was no traffic signal or

traffic officer at this crossing and it was a business and residential district. There were no vehicles within a block except the bus from which he had alighted and the defendant's truck which had been following the bus down the street. Having made his observation decedent proceeded slowly to cross the street on the crosswalk, and when he had reached the trolley tracks near the middle of the street he was struck by the overhang of defendant's truck which 'had swung around the standing bus, and came on at a speed of thirty-five miles an hour, giving no warning or signal. Decedent's body spun around and dropped on a manhole cover between the north and south-bound trolley tracks. Although the brakes were applied immediately the truck proceeded sixty feet before it stopped. Decedent was rendered unconscious, and was taken to the hospital. Prior to this accident he had enjoyed good health. His injuries consisted of a fractured left clavicle, fractured ribs, possible fracture of the skull and internal injuries. He lingered at the hospital for seven days completely disabled and unable to make any statement and then died. He was fifty years of age at the time, and left a widow and two boys.

In this posture of the proof the jury was justified in finding that the driver of defendant's truck was negligent. The law imposed upon him the duty of using due care to observe whether or not people were crossing at this crosswalk at the street intersection, and to use due care to have his truck under such control as not to jeopardize the safety of pedestrians who were using due care in crossing after having alighted from a bus then unloading at such crosswalk. The Supreme Court so held in *Huenegarth* v. *Krones,* 1 *N. J. Mis. R.* 113, and in *Newham* v. *Nazzara,* 107 *N. J. L.* 208. And this court also so held in *Tischler* v. *Steinholtz,* 99 *Id.* 149.

Also, considering all of the evidence, we think that reasonable men might well have differed upon the question of contributory negligence and therefore that question was properly submitted to the jury.

Decedent had a right to assume that the driver of the

defendant's truck would exercise proper caution in approaching the street crossing. *Newham* v. *Nazzara,* 107 *N. J. L.* 208; *Clarkson* v. *Ley,* 106 *Id.* 380; *Venghis* v. *Nathanson,* 101 *Id.* 110; *Tischler* v. *Steinholtz,* 99 *Id.* 149. As we have pointed out, the decedent alighted from a bus which had stopped at a street intersection to discharge passengers. It was open to the jury to find from the evidence that, while the bus was unloading, he passed in front of the bus to get a clear view of the street and looked both ways. It was open to the jury to infer that he observed the defendant's truck approaching in the rear of the bus, and some distance away, considering its speed. It was also open to the jury to find that, while decedent was crossing the street at the crosswalk, defendant's truck swung around the bus, and hit him without any warning, and traveling at an unreasonable rate of speed in the circumstances. It was also open to the jury to infer that, when the decedent started to cross he had reason to believe from his observations, and considering the circumstances, that he could safely cross, if the driver of defendant's truck exercised reasonable care and respected decedent's rights. If they inferred, as they might, that the decedent honestly misjudged the speed of defendant's truck, they nevertheless could have concluded that he should not be charged with negligence in view of his right to assume that his rights as a foot passenger would be respected by the driver of defendant's truck. *Newham* v. *Nazzara, supra.*

Again, it is clear that where, as here, the proof tends to show that the decedent, formerly in good health, was severely injured in an accident, and from that time until his death, seven days later, was completely disabled and unable to make any statement, and there was no evidence of any intervening cause, the question whether death was caused by the accident was for the jury. *Batton* v. *Public Service Corp.,* 75 *N. J. L.* 857.

It follows, therefore, that the motions to nonsuit and to direct a verdict, founded upon the reasons above discussed, were properly denied.

We believe that the foregoing observations in effect dispose

of every meritorious question argued. True, defendant complains of the refusal of the trial judge to charge several requests. Our examination of them results in the conclusion that the defendant has no just cause to complain because, so far as appropriate to the case presented, in substance and effect they were adequately covered in the comprehensive charge of the trial judge.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. **13.**

*For reversal*—None.