SADIE McCONACHY, AS EXECUTRIX OF THE ESTATE OF RETTA McCONACHY, DECEASED, PLAINTIFF-RESPOND-ENT, v. SIDNEY SKALEREW, DEFENDANT-APPELLANT.

Submitted February 16, 1934—Decided April 12, 1934.

For the defendant-appellant, *Rupert F. Howlett.*

For the plaintiff-respondent, *Jacob Schneider.*

The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment entered in the New Jersey Supreme Court. The case was tried at the

Essex Circuit before Judge Flannagan and a jury to whom it was referred for trial.

The action was for injuries sustained by Retta McConachy, which injuries it was claimed resulted in her death several months after the accident. The facts in the case were that plaintiff's testatrix had left the Newark Museum on Washington street, in the city of Newark. Her daughter accompanied her. Their destination was the corner of Broad street and Central avenue for the purpose of taking a Roseville car from a safety aisle which existed at that place. In order to reach this destination they intended to cross Washington street from the west to the east and then along the south side of Washington Place to Broad street and thence to the corner of Central avenue which runs parallel to Washington Place. It appears that there are two trolley tracks on Washington street and that there is a traffic light at the Washington street and Central avenue crossing. This traffic light is about two hundred feet south of the crossing over which the testatrix was walking. A witness called by the plaintiff testified that the crossing on Washington street, over which the testatrix and her daughter attempted to proceed, was marked by white lines. There were cars parked along the curb on each side of this crosswalk so marked. At the time five women were waiting to cross the street. There was evidence that the traffic light, above referred to, at Central avenue, changed to red and that the north-bound traffic started toward Bridge street and the southbound traffic stopped. Three of the women crossed the street safely. The testatrix, however, was struck by defendant's car, which car was in the third line of cars from the curb which were proceeding southerly. Testatrix' daughter testified that she was just behind her mother while they were attempting to cross the street. Testatrix was on the trolley tracks when struck. It appears that the testatrix received some income from roomers or boarders. There was also evidence that the injuries received in the accident contributed to the cause of her death. The jury rendered a verdict of $5,000 on both counts of the complaint.

Defendant appeals here, setting up ten grounds of appeal, four of which were abandoned at the argument. The grounds of appeal argued are, first, that the judge refused to grant a motion for nonsuit and also refused, at the close of the case, to direct a verdict in favor of the defendant because there was no evidence of defendant's negligence and because there was evidence of negligence on the part of the testatrix and also on the ground that under the second count there was no evidence or there was insufficient evidence to show a pecuniary loss to the daughter.

We are of the opinion that the court correctly ruled in respect to these motions. It was for the jury to say whether the defendant used due care in approaching a crosswalk on which the decedent was crossing. There was a presumption under the facts submitted in the case that the testatrix at the time of the accident was exercising due care. In order to justify a nonsuit the contributory negligence of the testatrix must not be in doubt. If, however, doubt exists the determination of the question is for the jury and not for the court. Contributory negligence is a matter of defense and the plaintiff is not required to prove its absence as a part of her case. No presumption of negligence upon the part of the decedent arises in such an action from the mere occurrence of the accident. *Danskin* v. *Pennsylvania Railroad Co.,* 79 *N. J. L.* 526. From the evidence it appears that the question of contributory negligence was in doubt. There was evidence that the defendant was about sixty feet from the crosswalk over which the testatrix was walking when first seen by her daughter as they proceeded across the street and that the car of the defendant was traveling fast. Under such circumstances a duty was cast upon the defendant to use due care to observe whether or not people were crossing on the crosswalk above referred to and to use due care to have his car under such control as would enable him to avoid injuring them. It, therefore, appears that it was a question for the jury to determine whether the defendant exercised due care and whether the testatrix was guilty of contributory negligence. The trial court was, therefore, justified in re-

fusing to grant a nonsuit and in refusing to direct a verdict as both of these were jury questions.

The other ground of appeal is that the court erred in refusing to grant a nonsuit and to direct a verdict because there was no evidence or there was insufficient evidence which showed pecuniary loss. There was evidence that the daughter lived with the mother who had worked as a hairdresser, who had a roomer in her house from whom she received compensation and maintained the house generally for herself and her daughter. This was sufficient to show a pecuniary loss.

The other grounds of appeal will not be considered for the reason that they challenge only the verdict of the jury.

For the reasons above stated the judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 16.

*For reversal*—None.