FRANK MURSKY, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF ALFRED MURSKY, DECEASED, PLAINTIFF-APPELLEE, v. MORTON S. BRODY, DEFENDANT-APPELLANT.

Argued May 9, 1935—Decided August 19, 1935.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the plaintiff-appellee, *George L. Burton.*

For the defendant-appellant, *Green & Green* (*Harry Green,* of counsel).

PER CURIAM.

This appeal is from a judgment in a death action recovered in the Middlesex County Court of Common Pleas. The plaintiff's intestate, a young man, age twenty-two, accompanied by Walter Mendoker, eighteen years of age, was walking along the state highway route 28, between Oldbridge and South River, New Jersey, at one o'clock in the morning following

Labor Day in 1934, when the defendant's automobile struck and killed him. The testimony shows that the roadway was not illuminated; that weather conditions were unfavorable, there being a certain amount of fog and light rain. The boys were walking on the right side of the roadway, in the same direction as the traffic on that side of the highway. Mendoker, the companion of the deceased, testified that he was on the decedent's right, walking partly on the dirt and partly on the tar shoulder of the road, while the deceased was walking on the concrete at the right-hand side. In that area the highway is a three-lane road, each ten or eleven feet in width.

The appellant charges that the court erred in denying defendant's motion for nonsuit, on the ground that there was no evidence of negligence on the part of the defendant, and, further, that it was error to deny the motion for nonsuit on the ground that the intestate was guilty of contributory negligence as a matter of law.

In passing upon motions for nonsuit, the facts in the case, under our decisions, must be considered in the light most favorable to the plaintiff, together with all the legitimate inferences that the plaintiff's testimony will support. Under that testimony, the jury was privileged to find that there was good visibility for a distance of one hundred and fifty to two hundred feet; that the defendant's car was being driven at a speed of between forty and fifty miles an hour; that no warning was given of the approach of the automobile by sounding a horn; that there were no other automobiles upon the highway at that time in this area; that the highway was ample in width and nothing prevented the defendant from observing the deceased in time to avoid striking him. We think that the motion for nonsuit, therefore, on the ground that the operation of the automobile by the defendant was free from negligence, was a question for the jury and not for the court.

The other ground upon which nonsuit was urged was based on the proposition that the decedent, as a matter of law, was guilty of contributory negligence, which was the proximate cause of his death. This question, under somewhat similar circumstances, was decided adversely to the appellant in the

case of *Kovacs* v. *Ford,* 108 *N. J. L.* 379; 158 *Atl. Rep.* 473, and *Klein* v. *Frank,* 109 *N. J. L.* 221; 160 *Atl. Rep.* 411, and lately in the case of *Hamilton, Administratrix, &c.,* v. *Althouse,* 115 *N. J. L.* 248; 178 *Atl. Rep.* 792. (See, also, the earlier case of *Baker* v. *Fogg & Hires Co.,* 95 *N. J. L.* 230, 232; 112 *Atl. Rep.* 406.

It is true that where there are no sidewalks, pedestrians are prohibited from walking on the right-hand side of the roadway, but are enjoined to walk on the left side facing approaching vehicular traffic. *Pamph. L.* 1930, *ch.* 230; *Cum. Supp. Comp. Stat.* 1930, *p.* 1541, § 179-715R(503). The violation of the statute, however, is not *per se* negligence, nor is it necessarily a contributing cause of the happening. *Baker* v. *Fogg & Hires Co., supra;* see, also, *Belperche* v. *Erie Railroad,* 111 *N. J. L.* 81; 166 *Atl. Rep.* 463. The failure on the part of the decedent to obey the statutory provision is, under our cases, a circumstance from which negligence may be inferred, but nevertheless, the authorities just mentioned hold that whether or not such conduct on the part of the plaintiff is such negligence as contributed proximately to the harm complained of, is a matter for the jury's determination rather than the court's. This being so, the motion for the nonsuit urged on the ground of the contributory negligence of the decedent was properly denied.

The evidence of the defendant was that accompanying him in the car were his two children, his wife, and two relatives, man and wife; that at the time of the happening the weather was bad, there being rain and much fog; that the visibility was poor; that he was, to use his own language, "hugging the white line," meaning the line on his left; that his lights were on and that he didn't see the boys walking at the side of the road, that he stopped his car within a car length; that he couldn't see more than fifty feet ahead and that he could not see the entire lane in which his automobile was traveling. Contrasting this state of testimony with the testimony mentioned above, and the added testimony adduced for the plaintiff, that the impact threw the body of the decedent thirty-five feet through the air; that the force of the impact was sufficient to lift the plaintiff's intestate "out of his shoes," which

flew through the air, and that the defendant's car after the collision, proceeded a distance of eighty-seven feet from the place where the decedent's body lay, or a distance of over one hundred and twenty feet from the place of the collision, it is manifest that these issues as to negligence were properly left for the jury and that the motion for a directed verdict for the defendant was properly denied.

. The next ground for reversal charges that the court erred in permitting the witness, Edwin Snediker, to testify as an expert actuary and as to the life expectancy of the deceased from life expectancy tables. From the testimony, it is clear that appellant objected to the testimony on the ground that the witness was produced as an expert. It is clear that the witness was not called as an expert, as the trial court pointed out, but rather, was he called to produce a recognized table showing the expectancy of life of a man of twenty-two years.

The appellant further argues that the court erred in permitting the witnesses, Latschar and Montrey, to answer a question as to what was the distance between the spot where the body of the deceased lay and the place where the defendant's car was stopped. It is noted that the objection of appellant's counsel was merely to the form of the question, not to its materiality or relevancy. As to the question directed to Latschar, it should be noted that there is no ground given for the objection. Counsel did not object on the ground that the question was either immaterial, irrelevant and incompetent. Consequently, it is not a good ground for appeal.

The judgment will be affirmed.