## PAUL R. EVANS, ADMR.
*vs.*
## RUTH M. DICKENSON

Superior Court      Hartford County      File No. 59795

MEMORANDUM FILED MARCH 14, 1940.

*Isaac Nassau,* of Hartford, for the Plaintiff.

*Wells, Davis, Schaefer & Locke,* of Hartford; *Louis W. Schaefer,* of Hartford, for the Defendant.

MUNGER, J.  It appears that the decedent, a girl fifteen years old, was killed while crossing Silas Deane Avenue in Hartford.  Upon the day of her death she was with a companion, Barbara Morris, and had left an automobile at the corner of Church Street which intersects Silas Deane Avenue, and had crossed Church Street from the north to the south side intending there to cross Silas Deane Avenue from east to west.  At this time a passenger bus of the Connecticut Company was parked alongside the curb on the right hand side of Silas Deane Avenue facing north.  At the intersection of this avenue and Church Street there is an ordinary traffic light.  There were passengers engaged in entering the bus.  Barbara Morris stood on the corner but the decedent started to run across the street, that is, from the east to the west side, and when she was at a point stated by the Morris girl, who was a witness for the plaintiff, somewhere on the left hand side of Silas Deane Avenue, she was struck by an automobile operated by the defendant, driving north on the avenue, and apparently almost instantly killed.  Her body was dragged a distance of one hundred feet before the car stopped on the left hand side of the highway after passing through the intersection.

The reason for this distance is sought to be explained by the defendant by the fact that the road surface was icy at the intersection and the car skidded upon application of the brakes.  It may be assumed that there was sufficient evidence to charge the defendant with negligence and that feature of the case as presented by this motion need not be considered.  There is presented to the court only the question whether the verdict can be allowed to stand in view of the fact of the indisputable negligence of the decedent.

The evidence in the case was uncontradicted as to the fact that as defendant was driving toward this intersection the traffic light was green and continued to be green up until the time of the impact.  We do not have here presented a situation where the jury might have disbelieved the testimony of the defendant, since the defendant at no time during the whole trial made any claim other than that the light was green.  The plaintiff's claim is exactly to the contrary, that as the defendant approached this intersection she was "playing the light" and the complaint further alleges that she drove her car through the intersection as it was about to turn.  The decedent.

started to run across the street before the defendant reached the intersection and it conclusively appears therefore that the decedent ran across the street against the warning of the green light which gave vehicles the right to go through and forbade the decedent to go across against it. In attempting to cross the street, therefore, in violation of this traffic signal, and in running in front of the standing bus, which the evidence clearly showed prevented her vision to the south on Silas Deane Avenue, she was by this conduct guilty of negligence as as matter of law.

Her companion, Barbara Morris, stated that she started across the street in front of the bus and then testified as follows: "That is the reason she did not see the other car."

The court charged the jury that strictly speaking this was not evidence as the conduct of the decedent would be a conclusion by the witness. The charge was perhaps too favorable to the plaintiff. It must, of course, be true that one may be in a position to observe the conduct of another and be able to say that it was apparent that the conduct of the observed person indicated that he did not see any particular object. A witness might say that he saw that another did not see and that might, from the position of the witness and his opportunity for observation, be actually true. Of course, this unfortunate girl did not see the defendant's car approaching. Any other conclusion would show an intention to commit suicide. The light was against her. The bus shut off her vision. As Silas Deane Avenue is 20 feet wide, a two-lane concrete road at the particular point where she crossed, it is very evident that she ran but a very few feet before emerging from the left hand side of the bus into the path of the approaching car before she was struck.

Where the conduct of a person is negligent and his negligence is of such a degree or character that reasoning minds cannot reasonably differ concerning it, contributory negligence is a matter of law. Although the court disturbs the verdict of a jury with extreme reluctance, it must be said that if the conduct of the decedent in the instant case does not constitute negligence as a matter of law it would be impossible that it should ever exist at all.

In our own state we may cite the cases of *Martin vs. Stamford Gas & Electric Co.*, 118 Conn. 319, and *Seabridge vs. Poli,* 98 id. 297.

In *Hizam vs. Blackman,* 103 Conn. 547, 551, refusal to set aside the verdict was held to be error where the failure of the plaintiff to see what reasonably should have been seen while crossing the street constituted negligence as a matter of law.

A pedestrian who attempts to cross a street in front of a standing bus cutting off his vision, who makes no effective observation for passing vehicles, and is struck by an automobile coming up behind the bus, is guilty of contributory negligence as a matter of law. *Branigan vs. Demarest,* 109 N.J.L. 123, 160 Atl. 319.

In the instant case, of course, it appears that not only was the decedent guilty of this negligence but it combined with the further negligence of a direct violation of the traffic signal.

"The undisputed, indisputable evidence, coming from and binding the plaintiff, brings this case within the rule laid down where the person injured has stepped from behind one object in a street in front of another, without either looking or listening. The law is established that on such evidence as is here presented the contributory negligence of the plaintiff is proved as a matter of law, and it is the duty of the court to direct a verdict for the defendant." *Doyle vs. Boston Elevated Ry. Co.,* 248 Mass. 89, 91.

"The driver of an ambulance in proceeding to cross a street without awaiting a signal light, was guilty of contributory negligence as a matter of law. *Lamar & Smith vs. Stroud,* (Tex. Civ. App.) 5 S.W. (2d) 824.

The burden of establishing contributory negligence in this action by virtue of the statute was upon the defendant (Cum. Supp. [1935] §1654c). In *Hatch vs. Merigold,* 119 Conn. 339, it is said that the statute affords to the plaintiff a substitute for proof of want of contributory negligence by evidence. When, however, the evidence produced by the plaintiff in any case clearly establishes such negligent conduct on the part of the decedent that, as before stated, reasoning minds cannot reasonably differ as to its character or degree, contributory negligence, of course, must be held as a matter of law.

The motion is granted. Verdict set aside.