CLARA HYMAN, ADMINISTRATRIX OF THE ESTATE OF NATHAN HYMAN, DECEASED, AND CLARA HYMAN, ADMINISTRATRIX AD PROSEQUENDUM OF NATHAN HYMAN, DECEASED, PLAINTIFF-APPELLANT, v. MILTON BIERMAN AND McCLAIN WELLS, DEFENDANTS-RESPONDENTS.

Submitted February 13, 1943—Decided April 29, 1943.

For the appellant, *William J. O'Hagan.*

For the respondents, *Durand, Ivins & Carton (J. Victor Carton,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. This is a negligence case. The question for decision is whether the learned trial judge erred in granting a nonsuit. We think he did.

Plaintiff's decedent died June 9th, 1939, as a result of injuries sustained on June 1st, 1939, at about 9:00 P. M., allegedly caused, as the result of an automobile accident, at

the intersection of Ocean Avenue and Broadway in Long Branch, New Jersey, while decedent "was lawfully crossing Ocean Avenue from an easterly to a westerly direction." Appellant, as general administratrix and as administratrix *ad prosequendum,* sued both defendants, namely, Milton Bierman, owner of the automobile, and McClain Wells, the driver thereof. Ownership and agency were admitted. There were no actual eye witnesses to the accident. The proof disclosed that the decedent was found lying in a pool of blood wholly within a defined crosswalk at the intersection about twenty-two feet from whence he had apparently started to cross Ocean Avenue. After the accident, the automobile had come to a stop some forty feet away from the crosswalk. The driver of the automobile in response to questioning by the police who arrived at the scene of the accident shortly after the occurrence, said that he "hadn't seen anyone crossing," that "he hit something and didn't see who it was," and that he "just heard a thump" * * * and "stopped." Additionally, there was proof that the area about the crosswalk was well lighted, travel was light, and that a person approaching should have been able to have observed a pedestrian for some considerable distance before reaching the intersection. Apart from a mark on the right rear mud guard of defendant's automobile which "looked like the impression of a hand" there was nothing about the automobile to indicate that there had been a collision. There was further testimony that decedent was wont to walk very slowly, with a "shuffling effect" with his right shoulder advanced, and that he "dragged" his left foot.

At the conclusion of plaintiff's case the trial judge ruled that, although there was evidence of negligence, the proof "clearly and affirmatively" indicated that decedent was guilty of contributory negligence. Accordingly, the motion for a nonsuit was granted. Hence this appeal.

We agree with the court below that it was for the jury to determine whether the defendant driver and vicariously his employer, were guilty of negligence. For although the proof was meager, the jury could have found, from that which was submitted, that the driver of defendant's car failed to exer-

cise reasonable care in that he did not observe decedent and that a pedestrian could have been observed, if ordinary care had been exercised, for a distance, variously estimated, of "150 feet," "or from the next block down, Laird Street." And it is at least a fairly deducible inference from the proofs adduced that the driver did not make a reasonably effective observation and that his failure so to do was the proximate cause of the accident. (*Cf. Branigan* v. *Demarest,* 109 *N. J. L.* 123; 160 *Atl. Rep.* 319; *Trimboli* v. *Public Service Co-ordinated Transport,* 111 *N. J. L.* 481; 168 *Atl. Rep.* 572). Plaintiff was, of course, entitled to the benefit of such proofs and inferences. *Lipschitz* v. *New York and New Jersey Produce Corp.,* 111 *N. J. L.* 392; 168 *Atl. Rep.* 390; *Repasky* v. *Novich,* 113 *N. J. L.* 126; 172 *Atl. Rep.* 374; *Dobrow* v. *Hertz,* 125 *N. J. L.* 347; 15 *Atl. Rep.* (2d) 749.

We do not agree, however, that decedent was guilty of contributory negligence as a matter of law. We attach no probative value to the proof that there was a mark on the right, rear mudguard which "looked like the impression of a hand." For there is not a scintilla of proof that it was the impression of one of decedent's hands. Even if it were thought otherwise, the only person, under the circumstances, who could have contradicted such proof was the decedent. And the decedent was again the only person who would have denied that he had failed to have made a reasonably effective observation before crossing even though he may have had the same opportunity to observe the automobile which struck him as the driver of that automobile had to observe decedent. Under such circumstances, we follow what seems to be the rule, namely, "* * * that a verdict will not be directed where the only person who could have contradicted the witness is dead." *Cf. Clark* v. *Public Service Electric Co.,* 86 *N. J. L.* 144, 151; 91 *Atl. Rep.* 83. Thus while the jury might well have a basis upon which to rest a finding that decedent was guilty of contributory negligence, the proof is not of the clear and convincing character which is required to justify taking the question away from the jury. Negligence and contributory negligence are pre-eminently questions of fact for the jury. *Thomas* v. *Metzendorf,* 101 *N. J. L.* 346; 128 *Atl.*

Rep. 162; Landra v. Marone, 105 N. J. L. 405; 144 Atl. Rep.
565; Kovacs v. Ford, 108 N. J. L. 379; 158 Atl. Rep. 473;
Branigan v. Demarest, supra; Stern v. Stulz-Sickles Co., 109
N. J. L. 415; 162 Atl. Rep. 571; McConachy v. Skalerew,
113 N. J. L. 17; 171 Atl. Rep. 817. In order to justify a
nonsuit the contributory negligence of the testator must not
be in doubt. McConachy v. Skalerew, supra (at p. 19).

This disposition of the cases makes unnecessary any dis-
cussion of the other points raised and argued.

The judgment is reversed, and a venire de novo awarded;
costs are to abide the event.

For affirmance—DONGES, WELLS, JJ.   2.

For reversal—THE CHANCELLOR, CHIEF JUSTICE, PARKER,
CASE, BODINE, HEHER, PERSKIE, PORTER, DEAR, RAFFERTY,
THOMPSON, JJ.   11.