Frank Novina, Administrator of the Estate of Joseph Novina, Deceased, Appellee, v. Alexander Padley and George Jonanovich, Trading as Serbian Bakery Company, Appellants.

Gen. No. 8,181.

February term, 1930. Heard in this court at the Opinion filed August 21, 1930.

Murphy O. Tate, for appellants.

D. R. Anderson and C. D. Dibell, for appellee.

Mr. Presiding Justice Jett delivered the opinion of the court.

This suit was brought by Frank Novina, administrator of the estate of Joseph Novina, deceased, appellee, to recover damages for the death of said Joseph Novina, resulting from injuries sustained by him by reason of his having been struck by a motor truck of Alexander Padley and George Jonanovich, copartners doing business under the firm name of Serbian Bakery Company, appellants.

A jury trial was had resulting in a verdict in favor of appellee in the sum of $750, upon which judgment was rendered and from which an appeal is prosecuted to this court.

The declaration consists of one count only, and charges general negligence.

The record discloses that Joseph Novina, the deceased, on the 2nd day of February, 1927, about five-thirty (5:30) o'clock in the morning and while it was dark, was proceeding in a northerly direction along State Highway No. 4, to the place where he was employed and was traveling near the middle line of the pavement when the truck of appellants, which was also proceeding northerly on said highway, struck the deceased, inflicting injuries from which he died. The pavement on which the deceased was walking was 20 feet wide, and the scene of the accident was flanked on each side of the highway by a shoulder and a sidewalk or pathway.

The collision and injury occurred outside the city limits of the City of Joliet and where there were no street lights. It appears that the truck was running at a rate of speed of about 30 or 35 miles per hour; the lights on the truck were lit; that the driver of the truck did not see the deceased until he was within 40 feet of him when he began to sound his horn and put on the brakes; on account of the icy condition of the highway the driver of the truck was unable to stop the same; that he put on his brakes and the same began to slide and that he ran into Novina, causing injuries that resulted in his death.

The evidence shows that Frank Novina was the only heir and next of kin of the deceased, and that he lived with his father most of the time. The deceased was of the age of 65 years at the time of his death. Frank Novina is 43 years of age and was employed at the time of the death of his father.

The evidence further shows that the deceased had had one leg amputated and was walking on a wooden leg.

The errors assigned are that the verdict is contrary to the law and the evidence; that the verdict was

against the greater weight of the evidence; that the trial court erred in refusing the peremptory instructions offered to find the defendants not guilty; that the court erred in overruling motions for a new trial and in arrest of judgment and in entering judgment on the verdict of the jury.

It is the contention of the appellants that the deceased in walking upon the paved highway, as disclosed by the evidence and at the place where he was when he was struck by the truck was guilty of negligence and thereby contributed to the injury that resulted in his death. Without regard to the alleged negligence of the driver of the truck in question, we are of the opinion no recovery can be sustained in this case because of the contributory negligence of the plaintiff's intestate.

Cahill's St. ch. 121, ¶ 214(2) expressly provides that pedestrians shall walk in the opposite direction from approaching cars coming toward them and that upon the approach of a motor vehicle it is the duty of the pedestrian to step off of the pavement.

In the instant case, the deceased was traveling near the middle of the highway and directly in the path of the truck approaching him from behind. It was his duty to have been where the law required him to be if he saw fit to use the pavement on which to walk. He was guilty of negligence under the circumstances as shown by the evidence; that his negligence was the efficient and contributing cause of the accident that resulted in his death. It is plain that if it had not been for his negligence he would not have been in the place of danger and therefore would not have been injured.

The judgment of the circuit court of Will county is reversed and the cause remanded.

*Reversed and remanded.*