ANNA OWENS HAMILTON, ADMINISTRATRIX AD PROSE-
QUENDUM OF THE ESTATE OF CLARENCE GRIFFITH
OWENS, DECEASED, PLAINTIFF-RESPONDENT, v. CAL-
VIN O. ALTHOUSE, DEFENDANT-APPELLANT.

Submitted February 15, 1935—Decided May 17, 1935.

For the appellant, *Herbert C. Bartlett.*

For the respondent, *Thomas G. Tuso* and *George H. Stanger.*

The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment entered in the Supreme Court. The case was tried at the Cumberland

Circuit before Judge Shay to whom it had been referred for trial.

The facts in the case were that Clarence Owens on January 12th, 1934, about nine-fifteen P. M., was walking south on the westerly side of Delsea drive in Landis township with a young lady. The evidence was that he and the young lady had their arms around each other and that he was walking on the edge of the pavement of the road and the young lady was walking on the shoulder. The car of the defendant, Calvin O. Althouse, approached them driving in the same direction. The night was clear, there was no foliage on the trees. The large headlights on the automobile were lighted but turned down so that the rays from them were thrown a distance of twenty-five feet ahead of the car. As the automobile, owned and driven by the defendant, approached Owens, Owens moved toward his right, away from the paved portion of the road. The surface of the road was black. The automobile struck Owens injuring him severely and he died before or at the time he reached the hospital. The automobile punctured a hole in Owens' head. The gravel shoulders of the road were between three and four feet wide with a bank approximately twelve inches high on the edge which separated the road from the fields. There were no sidewalks on either side of the road. The testimony indicated that Owens attempted to move off the paved portion of the road as the automobile approached. The automobile was several hundred feet behind Owens when first noticed by his companion. The defendant was on his way from Philadelphia to Vineland where he intended to deliver a lecture. Defendant testified that he was driving at a speed of about thirty-five miles an hour. Owens was about sixteen years old and his girl companion about eighteen.

At the close of the plaintiff's case counsel for defendant moved for a nonsuit on the ground that plaintiff had failed to show negligence on the part of the defendant and also for the reason that decedent was guilty of contributory negligence. At the close of the case counsel for defendant moved for a direction of a verdict in favor of the defendant on the

same grounds. Both motions were denied and exceptions taken thereto. We are of the opinion that the trial court properly ruled on both of these motions. It appeared that the defendant was driving on a country road which apparently was strange to him, driving at a rate of about thirty-five miles an hour, and according to his testimony with his headlights turned down to the ground so that the road could not be seen by him more than twenty-five feet ahead. There was little or no traffic on the road and he did not pass or meet any other vehicle at the time the accident occurred. He could reasonably anticipate the presence of pedestrians on such a road and should have seen to it that his lights were so adjusted that he could see such pedestrians for a sufficient distance to avoid them at the speed at which he was traveling. He should have used care in looking for such pedestrians as might use the highway. Whether or not he did so was a question for the jury to determine.

The next question presented is whether there was, as a court question, contributory negligence on the part of the decedent. It is argued by counsel for the defendant that it was contributory negligence on the part of the defendant to walk on the right side of the road with his back toward approaching traffic. The amendment of 1930 (*Pamph. L., p.* 1033), to section 3 of article 5 of the Traffic act, requiring pedestrians to walk on the left side facing wheeled traffic, was not called to the attention of the court. In any event, the failure of deceased to comply with it did not amount to negligence *per se*. We, therefore, consider that under the facts of this case the jury was entitled to decide whether in the conduct of the decedent there was negligence which contributed to the accident and this would not be a question for the court. *Baker* v. *Fogg & Hires Co.*, 95 *N. J. L.* 230, 232, 233.

The next point argued is whether or not the judge erred in refusing to charge as follows: "Pedestrians walking on a public road traveled by automobiles must use great care and caution in the use of said roadway." We think the judge properly ruled in refusing to so charge for two reasons. In

the first place, the court was not required to charge in the language in which he was asked to charge, and, in the second place, the judge covered the subject of care to be used by Owens in his charge. The judge said: "The young man who was killed is required to use the same care as the operator of the motor vehicle is; he is required to use that same care, and if he failed to do that, and his failure contributes in any degree to the accident, notwithstanding the fact that the defendant is guilty of negligence, if you should so find, then the plaintiff cannot recover." The judge again said in his charge: "If you find there was negligence, and that the young man who has passed on, contributed by his action, by his conduct, to the accident, then there can be no verdict for the plaintiff." The judge further said: "In considering the young man's conduct, of course, you must consider everything that he did under the circumstances. Consider whether he used proper care and caution under the circumstances. It appears that he was walking on the right-hand side of the road, with cars approaching him in the rear. This is a matter to be considered." There are no cases in this state which we have been able to find holding that pedestrians on an open country road are bound to use a high degree of care as requested to be charged. Counsel for appellant cites the case of *Felix* v. *Adelman* 113 *N. J. L.* 447. The facts in the Adelman case are quite different from the facts appearing in the case before us. In the Adelman case the motorist was undertaking to make a "U" turn in the face of heavy traffic which required the care commensurate with the risk of danger. We think that the court properly charged the jury in respect to such care and in respect to the negligence involved in this case.

For the reasons above stated the judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.