## BASQUE *v.* ANTICICH.

(Division A.   Jan. 25, 1937.)

[172 So. 141.   No. 32535.]

**Bidwell Adam,** of Gulfport, and **Chalmers Potter,** of Jackson, for appellant.

**Leathers, Wallace & Greaves,** of Gulfport, for appellee.

858

Argued orally by **Chalmers Potter**, for appellant, and by **R. A. Wallace**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

Lucile Basque, a high school girl about eighteen years old, while walking on the public highway from Biloxi toward Ocean Springs was struck by an automobile driven by Mrs. Mary Anticich and traveling in the same direction as appellant. Appellant and her witnesses testified that she was walking on the graveled shoulder of the highway in a path at the extreme right of the road; that she was knocked down, rendered unconscious, and suffered some injury. As an adverse witness, Mrs. Anticich testified that an automobile was parked on the concrete pavement, which was about eighteen feet wide at that point, and that when she came within seventy-five feet of it, driving about twenty miles an hour, the lights of the parked car were suddenly turned on and she was blinded; that she continued to drive in that situation until she had about passed the parked car. The evidence tended to show that a man was undertaking to repair the lights of the parked car. Quite a few witnesses testified that Mrs. Anticich was driving without any lights. The appellant testified that she looked back, saw the Anticich car coming without any lights on, went to the extreme side of the shoulder and was struck by the car.

Mrs. Anticich as a witness for herself testified that the lights on the parked car were not turned on until

she was about twenty-one feet from it, and that she stopped immediately and did not know that she had struck appellant. The appellant was picked up and carried to a hospital.

The declaration alleged that the appellant suffered serious and permanent internal injuries to her kidneys, her back, her left limb, and female organs. After she had been questioned about her various injuries she was asked by her counsel if there were any aches or pains on any other parts of her body, to which she replied, "No, sir." Counsel for appellant sought to elicit the extent of the injury to her female organs. Counsel for appellee objected to this evidence because it had not been sued for in the declaration. Appellant testified in the absence of the jury to terrible pain in the lower part of her back during her monthly periods and that she had not so suffered before. The court sustained the objection of the appellee to this evidence and did not permit it to go to the jury. A physician testified that a blow from an automobile might cause injury to the female organs.

The main assignment of error in this case is that the court erred in excluding this testimony. We do not think there is any question but that this evidence should have been permitted to go to the jury. Before appellant was asked about this particular injury she had stated that it was all the injury she had suffered. It was not for the court to pass upon the weight of the evidence; that was for the jury. We cannot say that this evidence, if allowed to go to the jury, would not have been considered by it as favorable to the appellant in fixing the amount of her damages.

The jury rendered a verdict for the appellant for five hundred dollars. A motion for a new trial was entered, mainly on the ground that the verdict was inadequate, and the motion was overruled by the court.

The court below granted appellee an instruction sub-

mitting to the jury the question of contributory negligence of appellant, in that she was walking on the highway in violation of section 5574, Code of 1930, the material part of which is: "All pedestrians walking along the public highway shall walk on the left side of the road, or in such way as to face the direction from which cars using that side of the road are approaching." Appellant's testimony is that she was walking on the right side of the road and in the direction in which cars were moving on that side of the road. It was clearly a question for the jury as to whether or not she was negligent under the circumstances, and no error was committed in giving the instruction.

For the error in excluding the evidence of the appellant the case must be reversed for another trial on the question of damages alone.

Affirmed as to liability; reversed and remanded as to amount of damages.