Isabelle Rowley, Appellee, v. John W. Rust, Appellant.

Gen. No. 40,878.

Heard in the first division of this court for the first district at the October term, 1939. Opinion filed April 8, 1940.

Coburn & Coburn, of Chicago, for appellant; Louis T. Herzon, of Chicago, of counsel.

James B. Poynton and Francis X. Poynton, both of Chicago, for appellee; Thomas M. Poynton, of Chicago, of counsel.

Mr. Presiding Justice Matchett delivered the opinion of the court.

In an action under the statute for alleged negligence of defendant, causing the death of plaintiff's husband and upon trial by jury, there was a verdict for plaintiff in the sum of $7,500, with judgment, from which defendant petitioner, by leave granted pursuant to section 76 of the Civil Practice Act [Ill. Rev. Stat. 1939, ch. 110, § 200; Jones Ill. Stats. Ann. 104.076] and rule 19 of this court and rule 29 of the Supreme Court, has appealed.

April 30, 1935, plaintiff filed her complaint in which she in substance alleged that March 17, 1935, while her husband was walking in a northerly direction on Archer avenue (a public highway running north and south in the city of Chicago) and while between 107th and 111th streets (also public highways running east and west and intersecting Archer avenue), he was struck by defendant, who was driving his automobile north on Archer avenue between these intersections; that deceased was in the exercise of due care and was through the negligence of defendant struck, receiving injuries from which he died on March 23, 1935. With other negligence the complaint charged that defendant operated his car in a manner that was not only negligent but wilfully, wantonly and maliciously so. At the close of all the evidence, defendant made a motion for an instructed verdict in his favor which was denied. The verdict of the jury being returned, there were motions for a new trial and for judgment *non obstante veredicto* which were overruled, and this appeal followed.

Defendant argues that the court erred in denying the motion of defendant for an instructed verdict in its favor and in submitting to the jury an interrogation as to whether defendant was guilty of wilful and wanton negligence. Defendant also contends the evidence shows, as a matter of law, that deceased failed to exercise due care and the legal cause of his death was his own violation of a statute which prevents recovery.

There is little conflict in the evidence. Defendant offered no evidence and was not called as a witness. Paul Verhoye, who on the evening of March 17, 1935, at about 10 p. m., was driving his automobile north on Archer avenue road, testified that there was another car being driven north and about 400 feet ahead of him. The road was a cement pavement and at this place was a 4-way lane which narrowed into a 2-way road near a gas station which stood on the east side of the road. As the witness made the turn he saw an object hit by the car ahead of him. He said: "The object that was hit went to the east side. I stopped ten feet from the man that was hit. He was in the roadway to my right about four feet from the paved portion. His head was lying in a northerly direction, facing the Sag Bridge. He was lying at an angle, his head toward the pavement his feet about four or five feet from the pavement." He says the car ahead continued until it reached a smoke house, then stopped, made a turn and came back. The weather conditions were fair and the visibility good, but it was a dark night. Verhoye said he was driving about 25 miles per hour. He passed 10 feet beyond the place of the accident, which he was sure happened on the highway. The man who was struck was walking on the highway, and both the lights of defendant's car were lighted. The witness got out of his car and put a blanket over the injured man. A lady came out of defendant's car and helped put on the blanket. She was crying. The injured man was unconscious. Verhoye says that it was a dark road and there were no lights on the highway except at one place, the gas station, which was about 400 feet away from where the accident happened. As he drove along the road the windows of his automobile were closed, and it was pretty hard to hear horns. A policeman came and he left his name with the policeman.

John Bolek, an employee of the Corn Products Company, witnessed the accident. He was walking on

Archer avenue in a northerly direction. He saw the "dim outline of a man" possibly 200 feet away on the east side of the road, walking north. An automobile went past him and shortly he heard an impact. He was unable to see anything from where he was standing. The car did not stop but continued about a block north. He did not hear the sound of a horn. The witness was walking home with a girl companion.

Evidence was offered tending to show that the deceased was a man of good habits, never drank and was always at home. Mr. Kramer, who testified in this regard, kept a grocery and tavern on the west side of Archer avenue in this vicinity. He said when the deceased was not working he would be over at his place.

These were all the substantial and material facts developed by the evidence. Defendant contends that the instruction in his favor should have been given and that plaintiff, as a matter of law, is precluded from recovery by reason of section 78, par. 175, ch. 95½, p. 2152, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 85.207], which provides:

"It is the duty of any person walking along and upon improved highways to keep on the left of the paved portion, or on the left shoulder thereof, and upon meeting a vehicle when walking on the said paved portion to step off to the left."

The evidence shows without dispute that the deceased at the time in question did not comply with this provision of the statute and defendant argues, therefore, he was guilty of negligence *per se* and cannot recover. Defendant relies on *Novina v. Padley,* 258 Ill. App. 519, which sustains his contention. However, in the later case of *Blumb v. Getz,* 366 Ill. 273, 8 N. E. (2d) 620, reversing 286 Ill. App. 623, 4 N. E. (2d) 49, the Supreme Court held (two judges dissenting) that notwithstanding this section a pedestrian walking on either the right or left unpaved shoulder of a highway

in the day time and off the place provided for traffic could not be considered guilty of negligence as a matter of law. The opinion of the court seems to draw a distinction between a person so walking in the day time and one walking in the night time. The question of contributory negligence is usually for the jury, and the cases show that the courts are reluctant to lay down general rules as to what conduct will and what will not constitute contributory negligence. The right of pedestrians to use the highway is a fundamental right, and in view of this decision we are not disposed to hold that the violation of the statute, even in the nighttime, would, as a matter of law, amount to contributory negligence.

Defendant in this case did not testify. He knew more about the facts of this accident than any other witness. Presumably, he knew, for instance, the speed at which he was going as well as other material facts. In view of the testimony in the record and the absence of any denial on his part, we are disposed to hold the case was properly submitted to the jury.

For another reason, however, the judgment must be reversed. The court submitted to the jury the following interrogatory: ''Do you find from the evidence under the instructions of the court that the defendant, John W. Rust, was guilty of wanton and wilful negligence?'' The jury returned an answer in the affirmative. We have read all the evidence carefully and there is no evidence in the record which would justify a finding that the injury from which the deceased died was a result of wilful and wanton negligence. It has recently been held by the Supreme Court in *Greene v. Noonan,* 372 Ill. 286, that where there is a count charging wilful and malicious negligence, and there is no evidence to support such a count, it is error to submit such an issue to the jury. The court in that case said, p. 292: ''Damages awarded for wilful and wanton conduct arise out of a different consideration from those

for negligence merely which may be nothing more than want of due care. In this case the verdict for the death of plaintiff's intestate was for the full amount allowed by law. It is argued that by reason of his age, family responsibility and income, it was not an excessive verdict, but it is not a question here whether the verdict was excessive, but whether it indicates that the jury, because of the existence of the wilful and wanton charge, was in any way influenced to give the limit permitted by law. A defendant in a case of this character, facing a charge of wilful and wanton conduct, is placed at a serious disadvantage as compared with one charged merely with negligence, and where there is no evidence to support such charge, it is the court's duty, on motion, to withdraw such charge from the jury, and failure so to do is, by reason of the character of the charge, an error requiring reversal of the cause, for no one may know what influence the charge, though not proved, may have had upon the jury, particularly since it has not been informed that it was not to be considered by it. The distinction in law between wilful and wanton conduct and mere negligence is not a matter with which the average juror is familiar. We are of the opinion that the refusal to withdraw from the jury, on appellants' motion, the consideration of the wilful and wanton charges, requires a retrial of the cause.''

If it is reversible error to submit to the jury an issue of wilful and wanton conduct where there is no evidence to support it, certainly the submission by the court of a special interrogatory on that subject is likewise prejudicial error. Moreover, here four instructions given at plaintiff's request are inconsistent with the theory that defendant was wilfully and wantonly negligent telling the jury it was necessary for plaintiff to prove ordinary care. It follows the judgment must be reversed and the cause remanded for another trial.

*Reversed and remanded.*

O'Connor and McSurely, JJ., concur.