F. J. ANDERSON, Appellant, v. FRED HOLSTEEN, Appellee.

No. 46938.

APRIL 9, 1947.

REHEARING DENIED JUNE 21, 1947.

Johnson, Martin, Johnson & Phelan, of Fort Madison, for appellant.

E. W. McManus, of Keokuk, for appellee.

HALE, J.—Highway No. 16 runs east and west through the town of Denmark, Lee county. Plaintiff, F. J. Anderson, lives about a half block north of said main highway on an intersecting street. Along the north side of the street occupied by Highway 16 is a path next to the fence, and on the south side of that street is a cement sidewalk. Plaintiff was familiar with the highway and surroundings.

Plaintiff, his wife, and small grandson, on the evening of December 10, 1944, attended a supper at the Congregational Church, which stands on the north side of the highway. A short distance to the west of this church the highway is intersected by a side street running north and south at right angles. At this point there is an overhead light. Farther west, one block, the main highway is intersected at right angles by a second street, on which plaintiff lives, and there is also an overhead street light at this point. The distance from the church to plaintiff's residence is approximately one and one-half blocks west and one-half block north of Highway 16.

Snow was falling at the time plaintiff and family went to the church. It was still falling and the wind was blowing at about ten o'clock in the evening when they left the church to go home. The snow had been cleaned from the surface of Highway 16 by a maintainer, which had thrown the snow from the surface of the road in a ridge twelve to fourteen inches wide along the edge of the grader ditch at each side of the road, leaving a cleared space about twenty to twenty-five feet wide. On leaving the church plaintiff and Mrs. Anderson walked west on the right-hand or north edge of the cleared area on Highway

16; according to the evidence, walking within twelve to eighteen inches of the ridge of snow thrown up by the maintainer, plaintiff walking ahead and carrying his grandson on his back, and Mrs. Anderson following directly behind at a distance of three or four feet. During part of the time they were talking to each other. According to the evidence, while thus walking, plaintiff was struck by defendant's car. He alleges he was outside of the traveled portion of the highway when struck but the road was graveled entirely across the cleared space.

The point on the highway where plaintiff was struck was between thirty or forty feet east of the second intersection west of the church. At that point the highway was unobstructed and there was a street light at this intersection. There had been other cars passing the plaintiff and going west just before the time he was struck, which other cars plaintiff testified passed him at a distance of six to eight feet.

Mrs. Anderson testified that she was walking directly behind plaintiff, but on observing the light from defendant's car she stepped to the right and was not touched. Plaintiff was struck by the end of the bumper and suffered injuries. Mrs. Anderson was hard of hearing and states that she did not hear any signal, but plaintiff testified his eyesight and hearing were good and that he neither observed the light from the approaching car nor did he hear any sound or signal. There is evidence that defendant's speed was about twenty-five miles per hour. Plaintiff testified that the car struck him at an angle, but this could be no more than a guess, since he did not see it at the time. It stopped at a distance of about twenty-five feet from the point of impact.

The testimony as to the amount of attention plaintiff was paying to the road is that while walking along the block going home, "I was walking along and watching. I could see the cars come by"; that he was "kind of watching for cars coming along, cars on the street coming up." His other testimony was, "and Mr. Holsteen came up behind us. I didn't hear him or nothing, and I was kind of watching this way, and the last thing I know, the car was just right onto me here. I just remember the woman started to scream."

Plaintiff alleges that the court erred in sustaining defendant's motion for a directed verdict, in holding that there was not sufficient evidence to submit the question of defendant's negligence to the jury, and in failing to submit to the jury the question of plaintiff's freedom from contributory negligence. We shall consider first contributory negligence.

I. The plaintiff pleaded that his own negligence did not contribute to the injury. The burden is upon plaintiff to show freedom from any negligence on his part that directly contributed in any manner or in any degree to his injury. Lang v. Kollasch, 218 Iowa 391, 255 N. W. 493; In re Estate of Held, 231 Iowa 85, 100, 300 N. W. 699, and cases cited; Richards v. Begenstos, 237 Iowa 398, 21 N. W. 2d 23.

We may assume, though not so holding, that defendant was negligent in one or more of the ways charged. Plaintiff was engaged at the time in walking on a highway, contrary to the provisions of section 321.326, Code of 1946, which reads:

"Pedestrians shall at all times when walking on or along a highway, walk on the left side of such highway."

He was walking west, on the right-hand or north side of the highway, from eighteen inches to two feet from the edge of the grader ditch. The entire roadway of twenty to twenty-five feet was graveled and he was caught on the left leg by the end of the bumper of plaintiff's car, which was traveling in the place provided for the passage of vehicles. He is not explicit as to the degree of watchfulness which he employed. The wife saved herself by stepping to the side, and the left side of the traveled way was open and unobstructed. Walking ·as he did, and in a manner contrary to the statute, it is clearly a case of contributory negligence as a matter of law.

II. Plaintiff urges that the violation of the statute is only prima facie evidence of negligence. Citing McElhinney v. Knittle, 199 Iowa 278, 201 N. W. 586; Lang v. Siddall, 218 Iowa 263, 254 N. W. 783. In this case, under the facts, there is little difference between negligence per se in violation of a statute and prima facie evidence of negligence. On a showing of viola-

tion of the statute, as in this case, the burden is upon the plaintiff to justify such violation.

"The effect of the statute and the ordinance is to lay the burden of justification upon the man who was on the wrong side of the street." Herdman v. Zwart, 167 Iowa 500, 503, 149 N. W. 631, 632.

Plaintiff was confessedly on the wrong side of the highway, his view to the rear was obstructed, and he offered no evidence or justification for the situation which he was in except that he "kind of looked," without specifying in what direction he looked.

In Kisling v. Thierman, 214 Iowa 911, 915, 243 N. W. 552, 554, in reviewing and discussing former cases, it is said:

"In other words, accurately speaking, where the statute or ordinance has fixed the standard of care, the failure to observe such standard is negligence, and when in the trial of a case,—the other elements being proven,—it is shown that the defendant failed to observe the standard of care thus fixed, a case is made for the jury in the first instance. In such case, the defendant may offer proof excusing his failure to observe such legal standard of care. If, however, he fails to furnish proof of such legal excuse, then it is accurate to say that negligence is established as a matter of law."

This statement as to the duty of a defendant applies equally to the duty of a plaintiff who claims that he was free from negligence contributing to the injury. If the failure to observe a statutory requirement constitutes negligence, no reason exists for not applying it in all cases unless there are circumstances excusing such negligence. There is no such excuse authorized or offered in the present case. See, Semler v. Oertwig, 234 Iowa 233, 256, 12 N. W. 2d 265.

III. In Reynolds v. Aller, 226 Iowa 642, 645, 284 N. W. 825, 827, after some discussion and a holding that a street under the terms of the statute was the same as a highway, the court says:

"A lessened hazard for the pedestrians on all highways was a probable end to be accomplished in this enactment. It follows that plaintiff's decedent was not only violating section 354-a [chapter 134, Acts of the Forty-seventh General Assembly, our present 321.326], but the record appears to be such that, under the holdings in Lindloff v. Duecker, 217 Iowa 326, 251 N. W. 698; Fortman v. McBride, 220 Iowa 1003, 263 N. W. 345; Denny v. Augustine, 223 Iowa 1202, 275 N. W. 117, cases antedating the enactment of the section, a jury would not have been warranted in finding that plaintiff's decedent was free from contributory negligence. Not only were decedent and his companions making no observations with respect to on-coming traffic from the rear to which they had turned their backs as they proceeded upon the paving, but the night was dark and at no place along the 886 feet were there any street lights or other illumination until the viaduct was reached, excepting as vehicles might be lighting their own way. * * * Upon the whole record it is apparent that a jury could not have found that decedent was free from contributory negligence."

While the facts in two cases are seldom the same, the holding of the Reynolds case is definite, that a failure to follow the prescribed method of using the highway by a pedestrian, as laid down in section 321.326, and the failure to make observations with respect to oncoming traffic from the rear while so walking, would be contributory negligence. In Taylor v. Wistey, 218 Iowa 785, 789, 254 N. W. 50, 52, it is said:

"A pedestrian who walks on the left-hand side of the paved portion of the highway where he may face the oncoming traffic is in a safer position than the pedestrian who walks on the right-hand side of the highway with his back to the oncoming traffic." Citing Kessel v. Hunt, 215 Iowa 117, 244 N. W. 714.

See, also, Zuck v. Larson, 222 Iowa 842, 270 N. W. 384; Armbruster v. Gray, 225 Iowa 1226, 1228, 282 N. W. 342, 343.

The evidence in the Armbruster case, supra, was somewhat similar to that in the present case. The evidence of the plaintiff was, in part:

" 'Two or three cars had passed me and I saw a car coming from the west. It was over on the right hand side of the road going east. I also heard one coming from behind me to the east. *I did not turn around to see whether it was a car or a truck or what it was.* I heard the sound of the motor and saw the lights reflected from the pavement and *I knew a car was coming.* It sounded as if it were coming pretty fast. *I did not know how far away the car was when I heard it* but it sounded as if it were quite a ways away. *I kind of looked around, just partly around, but not far enough to see how far away it was.* I turned just partly around.' "

IV. On the claim that the undisputed testimony shows that the evidence here generates a question for the jury, plaintiff, among others, cites Taylor v. Wistey, supra, which involved an error in instruction as to not looking forward and back; Armbruster v. Gray, supra, which seems to be contrary to plaintiff's contention; McElhinney v. Knittle, supra; Herdman v. Zwart, supra, which was a street-crossing case; Lawlor v. Gaylord, 233 Iowa 834, 10 N. W. 2d 531, which was a crossing case; Schwind v. Gibson, 220 Iowa 377, 260 N. W. 853, a guest case which involved a collision between a standing car and a car in which she was riding. None of these supports the plaintiff's contention here. Other cases cited by plaintiff are not applicable to the facts in this proceeding.

V. Plaintiff urges that to bar recovery negligence of plaintiff must bear a direct causal connection to his injuries. This statement as an abstract proposition is, of course, true. But if such negligence directly contributed in any way or to any degree to the injuries sustained no recovery can be had. Neither of two persons should be held liable for any injury to which both contributed. Reference is made to the circumstances detailed in the second opinion in Lawson v. Fordyce, 237 Iowa 28, 47, 48, 21 N. W. 2d 69, 80, 81, cited by plaintiff as an authority. The position of plaintiff in the present case beyond question had a direct causal connection with the injury. But in the Lawson case it is said:

"Neither did the plaintiff's position or place in the road

have anything to do or have any causal or proximate relation or connection with the injury he received or with the negligence of defendant which caused the injury. His danger from that negligence was just as great on one side of the road as on the other.''

And this thought is repeated throughout the opinion. Again quoting:

''The negligence alleged which caused the injury was the attempt of the defendant to pass him and the cow without giving warning by sounding the horn.''

The opinion distinguishes various cases cited in argument as collision or contact cases, and states that they have little or no applicability to the Lawson case. Likewise we say that the case, based on a different state of facts, and a different manner of injury, is not a precedent here. Quoting again:

''The positive authority of the opinions of this court in those cases [referring to cases cited], and ordinarily in every case, is coextensive only with the respective fact situation on which it is founded.''

VI. The last quotation from the Fordyce case is in point here. Ordinarily, as we have said, no two cases where the decision is dependent upon the fact situation can be exactly similar but the principles involved control. Plaintiff could have traveled along the side of the street to the north, or on the walk to the south, or on the left side of the cleared space on Highway 16. The walks might not have been so comfortable or convenient. The left-hand side of the highway could have been traversed by him with no inconvenience. We find no excuse for his occupying the position he did.

VII. Plaintiff raises the question as to proximate cause. Contributory negligence, in order to bar recovery, need not be the proximate cause of the injury. Towberman v. Des Moines City Ry. Co., 202 Iowa 1299, 211 N. W. 854; Stilson v. Ellis, 208 Iowa 1157, 225 N. W. 346; Hogan v. Nesbit, 216 Iowa 75, 246 N. W. 270, and cases cited.

Holding, as we do, that plaintiff was guilty of contributory negligence, it is unnecessary to consider the question of defendant's alleged negligence. If so negligent, as plaintiff charges, under our holding herein there can be no recovery. We must hold that the ruling of the district court as to the question of plaintiff's negligence was correct.

VIII. Defendant denies jurisdiction to entertain the appeal. This matter was brought up by a motion and denied by the court, as was a subsequent petition for rehearing. While we might, under the authorities, dismiss the appeal notwithstanding our previous ruling, we see no occasion to do so.

For the reasons stated the ruling of the district court is affirmed.—Affirmed.

WENNERSTRUM, C. J., and GARFIELD, MANTZ, OLIVER, and SMITH, JJ., concur.

BLISS, MULRONEY, and HAYS, JJ., dissent.

BLISS, J. (dissenting)—I dissent from the majority opinion because it is my judgment that the court erred in directing a verdict for defendant.

The facts are without substantial dispute, and I think a jury could fairly say thereunder that defendant's negligence was the sole proximate cause of plaintiff's injury. I can see no reasonable excuse for defendant's striking plaintiff. Defendant has offered no excuse. Those who had attended the church supper that night were leaving for their homes. Some were walking and some were departing in automobiles. All this was apparent to defendant. The situation called for care on his part. His statement to plaintiff, at the first-aid station just after the collision, shows that he was giving little if any attention at all to what he was doing. He said to plaintiff:

"Yes, Jay, I was the one that hit you. I didn't see you, I don't know why."

A jury could reasonably find that he would have seen him had he been using ordinary care and proper observation and attention. Viewing the testimony in the aspect most favorable

to plaintiff, a jury could have found that plaintiff, carrying his little grandson on his back, with his wife walking just behind him, was walking within a foot of the snowbank, leaving twenty-four feet to their left for defendant to pass by. The entire street from the church to the place of collision was well lighted. There was a street light at each end of the block. Plaintiff and his wife were within thirty feet of the west street light. Its direct rays must have shone upon them. Some snow was falling and a moderate wind was blowing. In his talk with plaintiff the defendant did not attribute his failure to see plaintiff to these causes. He must have seen them had he been looking. Apparently he never saw them until his car struck plaintiff, while traveling at a speed which the jury could have found was twenty-five miles an hour. The jury could have found that he sounded no horn, and that he took no other precaution that ordinary care and the statutes required. Other automobiles traveling westward passed to the left of plaintiff and his wife at a distance of six or eight feet. The fact that plaintiff was on the north or right-hand side of the street did not lessen the defendant's duty and need to keep a diligent lookout for pedestrians. He knew that pedestrians might be walking eastward in the path of his car, and that they would be no more visible to him than those walking westward. A jury could fairly find that had defendant used reasonable and ordinary care he would not have struck the plaintiff, and that his negligence was the sole and proximate cause of plaintiff's injury, notwithstanding the latter was walking on the right side of the road. The street was a graveled highway. The snow had been removed from the highway to a width of twenty-five feet, leaving a ridge of snow a foot or more in height along each side. Plaintiff and his wife were walking on the "thin gravel right at the shoulder * * * *about three feet outside of the hard beaten track * * * crowded over on the shoulder of the road.*" The shoulder along this highway is described as that part of the road *"right as it comes up out of the grader ditch, the edge of the grader ditch."* Plaintiff was "between 12 and 18 inches from the grader ditch." (Italics ours.)

In cities the streets are usually cleared of snow, especially a recent fall, before the sidewalks are cleared, and at such times many pedestrians walk on the vehicular way. None of them should have any reason to fear that in thus walking straight ahead on the right-hand side of a street, ample in width for the passage of vehicles, in the sunshine and in plain view, he was in such a place of danger that he was likely to be run down by a motor vehicle. Under such conditions the striking of a pedestrian by a motorist is wholly inexcusable and his so doing would warrant a jury in finding his act to be the sole and proximate cause of the injury, not in any way contributed to by the pedestrian. The conditions and circumstances in the assumed case are not greatly different from the factual situation in the case before us. Here the plaintiff was walking three feet outside of the beaten track, on the right shoulder of the road, a foot from the ditch, in plain view of defendant, on a lighted street within the radius of the rays of a street light, with an open, unobstructed roadway to his left, twenty-four feet wide, for the passage of defendant's automobile. He was outside of the beaten track or roadway ordinarily used by vehicular traffic, especially when no other vehicle was in the immediate vicinity. Had he been a foot farther north he would have been in the grader ditch, and had he been struck while there, I think all would agree that the injury would have been solely and proximately chargeable to defendant's negligence. Certainly, when the collision was but a foot south of the ditch it should be for a jury to say whether the negligence of the defendant was not the sole proximate cause. If it was such cause, then any negligence of plaintiff would not have been contributory to his injury.

The facts and matters above stated all bear upon the issue of whether the negligence of plaintiff, if any there was, contributed in any manner or degree to his injury. He was not walking on the left side of the highway as directed by the statute (section 321.326, Code, 1946). A "street" or "highway" means the entire width between the property lines. (Section 321.1 (48), Code, 1946.) Vehicles do not ordinarily travel over

against either fence line. Usually the improved, traveled portion of the highway is approximately midway between the property lines. The statute defines "roadway" as "that portion of a highway, improved, designed, or ordinarily used for vehicular travel." (Section 321.1(50), Code, 1946.) It is on the "roadway" that vehicles ordinarily travel. The hazard to pedestrians ordinarily arises when they travel on this "roadway." It was this hazard which the legislature sought to lessen by the enactment of section 321.326. (Reynolds v. Aller, 226 Iowa 642, 645, 284 N. W. 825.) While the word "highway" is used in the section, and not the word "roadway," nevertheless, I think it was hazards from travel on the "roadway" which the legislature had in mind in this legislation. In other words, when a pedestrian is traveling on the "roadway" he should walk on its left side, but when he is not walking on the "roadway," but elsewhere on the "highway," he may walk where he chooses. On graveled roads and on paved or hard-surfaced roads there are ordinarily protecting dirt shoulders. These shoulders are not designed, or ordinarily used, for vehicular travel, except in emergencies. A pedestrian may ordinarily walk there in safety. The plaintiff was walking on such a shoulder and three feet outside of the "hard beaten track." I do not think he was violating the section or that he was negligent. Certainly, not as a matter of law. In my judgment the trial court erred in directing the verdict for defendant on the ground that plaintiff was contributorily negligent as a matter of law.

The majority opinion states that there was a path north of the north grader ditch. The record is: "Well, it isn't a path. There is grass along there, yes. That is, there is a place between the grader ditch and the fence that is grass along there."

I would reverse.

MULRONEY and HAYS, JJ., join in this dissent.

MULRONEY, J. (dissenting)—I join in the dissenting opinion of Judge Bliss. I do not favor a holding that a pedestrian walks on the right-hand side of the highway at his peril, even though he may be violating the statute. The general rule is that a pedestrian's violation of such statute is negligence but "such

violation must be the proximate cause of the injury in order to prevent recovery, and whether such violation is the proximate cause is ordinarily a question for the jury." 3 Berry, Law of Automobiles, Seventh Edition, section 3.242. Cases supporting the above rule are: Sharick y. Galloway, 19 Cal. App. 2d 693, 66 P. 2d 185; Gayton v. Pacific Fruit Express Co., 127 Cal. App. 50, 15 P. 2d 217; Summers v. Dominguez, 29 Cal. App. 2d 308, 84 P.2d 237; Scalf v. Eicher, 11 Cal. App. 2d 44, 53 P.2d 368; Hooker v. Schuler, 45 Idaho 83, 260 P. 1027; Gray v. DeBretton, La. App., 184 So. 390; Antoine v. Louisiana Highway Comm., La. App., 188 So. 443; Hollins v. Crawford, La. App., 11 So. 2d 641; Mursky v. Brody, 13 N. J. Misc. 725, 181 A. 273; Hamilton v. Althouse, 115 N. J. Law 248, 178 A. 792; Tedla v. Ellman, 280 N. Y. 124, 19 N. E. 2d 987; Radford v. Young, 194 N. C. 747, 140 S. E. 806; Snow v. Riggs, 172 Ark. 835, 290 S. W. 591; Blumb v. Getz, 366 Ill. 273, 8 N. E. 2d 620; Rowley v. Rust, 304 Ill. App. 364, 26 N. E. 2d 520; Basque v. Anticich, 177 Miss. 855, 172 So. 141.

To illustrate the holding in a few of the cases, I quote from some of the opinions cited above, as follows:

Hollins v. Crawford, supra, La. App., 11 So. 2d 641, 643:

"The rule regarding the duty of the pedestrian to walk on the left side of the road does not mean that if he does not he can be run down at will by any motorist. The same duty remains on the motorist to exercise the care and precaution circumstances require and by all means to sound a warning on approaching the pedestrian, as required by the Highway Act quoted from above. While it is true in this case that the interdict was violating the law, likewise was defendant Crawford, and in our opinion the proximate cause of the accident was the violation by defendant and that the violation by the interdict was only a remote cause."

Summers v. Dominguez, supra, 29 Cal. App. 2d 308, 312, 84 P. 2d 237, 239:

"Assuming, however, that plaintiff may have been violating the section by walking on the right-hand shoulder of the road-

way, which would constitute negligence per se, nevertheless it cannot be said as a matter of law such a violation of the statute proximately contributed to the injury of plaintiff. 'In order that the negligence of a plaintiff may release a defendant from liability, such negligence must contribute proximately to the injury complained of; it must concur and cooperate with the negligence of the defendant up to the very time of the injury.' (19 Cal. Jur., p. 649.) Ordinarily such a question is for the jury to determine. (Smith v. Occidental etc Steamship Co., 99 Cal. 462, [34 Pac. 84].) "

Basque v. Anticich, supra, 177 Miss. 855, 860, 172 So. 141, 142:

"The court below granted appellee an instruction submitting to the jury the question of contributory negligence of appellant, in that she was walking on the highway in violation of section 5574, Code of 1930, the material part of which is: 'All pedestrians walking along the public highway shall walk on the left side of the road, or in such way as to face the direction from which cars using that side of the road are approaching.' Appellant's testimony is that she was walking on the right side of the road and in the direction in which cars were moving on that side of the road. It was clearly a question for the jury as to whether or not she was negligent under the circumstances, and no error was committed in giving the instruction."

Rowley v. Rust, supra, 304 Ill. App. 364, 367, 26 N. E. 2d 520, 521:

"The evidence shows without dispute that the deceased at the time in question did not comply with this provision of the statute and defendant argues, therefore, he was guilty of negligence per se and cannot recover. Defendant relies on Novina v. Padley, 258 Ill. App. 519, which sustains his contention. However, in the later case of Blumb v. Getz, 366 Ill. 273, 8 N. E. (2d) 620, reversing 286 Ill. App. 623, 4 N. E. (2d) 49, the Supreme Court held (two judges dissenting) that notwithstanding this section a pedestrian walking on either the right or left unpaved shoulder of a highway in the day time and

*off* the place provided for traffic could not be considered guilty of negligence as a matter of law. The opinion of the court seems to draw a distinction between a person so walking in the day time and one walking in the night time. The question of contributory negligence is usually for the jury, and the cases show that the courts are reluctant to lay down general rules as to what conduct will and what will not constitute contributory negligence. The right of pedestrians to use the highway is a fundamental right, and in view of this decision we are not disposed to hold that the violation of the statute, even in the nighttime, would, as a matter of law, amount to contributory negligence.'' (Italics ours.)

Hamilton v. Althouse, supra, 115 N. J. Law 248, 250, 178 A. 792, 793:

''The next question presented is whether there was, as a court question, contributory negligence on the part of the decedent. It is argued by counsel for the defendant that it was contributory negligence on the part of the defendant to walk on the right side of the road with his back toward approaching traffic. The amendment of 1930 (Pamph. L., p. 1033), [Comp. Stat. Supp., 1930, section 179–715R (502)], to section 3 of article 5 of the Traffic act, requiring pedestrians to walk on the left side facing wheeled traffic, was not called to the attention of the court. In any event, the failure of deceased to comply with it did not amount to negligence per se. We, therefore, consider that under the facts of this case the jury was entitled to decide whether in the conduct of the decedent there was negligence which contributed to the accident and this would not be a question for the court. Baker v. Fogg & Hires Co., 95 N. J. L. 230, 232, 233 [112 A. 406].''

Scalf v. Eicher, supra, 11 Cal. App. 2d 44, 52, 53 P. 2d 368, 372:

''There is no statutory provision in California prohibiting the use by vehicles of the dirt portion or graveled part of the highway. The use of the word 'otherwise' in the California statute, which does not appear in the Washington statute [Rem.

Rev. Stat. of Wash. section 6362-41(6)], makes it plain that it is unlawful in this state for a pedestrian to walk along a highway in any manner except 'close to his left-hand edge of the highway'. In walking upon the right shoulder of the highway, decedent violated the law. This violation was negligence per se. Unless the violation of the law approximately contributed to the death of decedent, it would be immaterial. Whether or not the violation of the law proximately contributed to the death was a question of fact for the jury to determine."

I would reverse the trial court and hold that the question of whether the plaintiff was guilty of contributory negligence was for the jury.

BLISS and HAYS, JJ., join in this dissent.