DORIS BREWER, appellee, v. FLORENCE JOHNSON and
DONALD LEE PREVO, appellants.

No. 48775.

(Reported in 72 N.W.2d 556)

OCTOBER 18, 1955.

REHEARING DENIED JANUARY 13, 1956.

D. W. Harris, of Bloomfield, and Joseph P. Lennon, of Ottumwa, for appellants.

Paul Proctor, of Keokuk, and Bailey C. Webber, of Ottumwa, for appellee.

HAYS, J.—Plaintiff, driving her car, and defendant Prevo, driving defendant Johnson's car, were both proceeding east on paved Highway No. 149. Defendants' car was some fifty or sixty feet to the rear. Plaintiff alleges defendants' car struck her car from the rear, with resulting injuries, her car being at all time in her lane of travel. Plaintiff relies upon the doctrine of res ipsa loquitur and pleads only general negligence. The defendant Donald Lee Prevo asserts that he observed plaintiff's car pull to the right with the right wheels off the pavement some twelve inches; that her stop light was flashing. As he pulled over into the left lane to pass, plaintiff's car suddenly swerved to the left across the center line and into the path of his car. Defendant

Prevo counterclaims for damages he incurred. There is evidence in the record tending to support both theories. It appears without dispute that the place where defendant Prevo pulled into the left lane to pass plaintiff's car was within one hundred feet of a grade crossing of the M. & St. L. Railroad Co. Both plaintiff's claim and defendant Prevo's counterclaim were submitted to a jury. There was a verdict and judgment for plaintiff, and defendants appeal.

The giving of Instruction No. 14 is the sole error assigned. This instruction is as follows:

"You are instructed that it is the law * * * that no vehicle, in overtaking and passing another vehicle or at any other time, be driven to the left side of the roadway when approaching within one hundred feet of or traversing any railroad grade crossing, and a violation of this law is negligence.

"Hence, if you find that the defendant * * * drove the Mercury automobile to the left side of said Highway No. 149 when approaching within one hundred feet of the railroad grade crossing, and while overtaking or passing the plaintiff's automobile, then the defendant * * * was guilty of negligence, unless by reason of the manner of operation of plaintiff's car a sudden emergency was created and necessitated defendant driving his car to the left side in order to avoid a collision.

"If such sudden emergency existed, then the defendant would not necessarily be guilty of negligence in driving to the left while attempting to avoid an accident."

Appellants contend the statute dealing with approaching grade crossings (section 321.304, Code of 1950) has no causal connection with the injuries and should not have been submitted.

Appellee asserts the statute is applicable both on the issue of defendants' negligence and contributory negligence. It is the only instruction given dealing with this question; and, while confusing, it does appear that the trial court intended it should apply to both issues.

■ ■ I. It conclusively appears that appellants violated section 321.304, set forth in substance in the first paragraph of above quoted instruction. Such violation constitutes negligence per se. Florke v. Peterson, 245 Iowa 1031, 65 N.W.2d 372; An-

derson v. Holsteen, 238 Iowa 630, 26 N.W.2d 855; Andersen v. Christensen, 222 Iowa 177, 268 N.W. 527. Negligence, in and of itself, is irrelevant in the absence of some causal connection with the injury. Banghart v. Meredith, 229 Iowa 608, 294 N.W. 918; Ruckman v. Cudahy Packing Co., 230 Iowa 1144, 300 N.W. 320; Aitchison v. Reter, 245 Iowa 1005, 64 N.W.2d 923; 65 C. J. S., Negligence, section 105; 60 C. J. S., Motor Vehicles, section 251.

 In damage actions based upon negligence two factors are always present: actionable negligence and contributory negligence. There is a marked distinction between the two. Hogan v. Nesbit, 216 Iowa 75, 246 N.W. 270; Aller v. Iowa Electric Light & Power Co., 227 Iowa 185, 288 N.W. 66; Anderson v. Holsteen, supra, 238 Iowa 630, 26 N.W.2d 855; Pappas v. Evans, 242 Iowa 804, 48 N.W.2d 298; 65 C. J. S., Negligence, section 116. To be actionable the negligence must be a proximate cause of the injury. Proximate cause means "that cause which in its natural and continuous sequence, unbroken by any new cause, produces an event and without which the event would not have occurred." Clark v. Monroe County Fair Assn., 203 Iowa 1107, 212 N.W. 163; Roller v. Independent Silo Co., 242 Iowa 1277, 1283, 49 N.W.2d 838, 842. Contributory negligence is " 'any negligence upon the part of the plaintiff which contributed in any way or any degree directly to the injury or damages sustained.' " Howie v. Ryder & McGloughlin, 244 Iowa 861, 865, 58 N.W.2d 389, 391; Smith v. Pine, 234 Iowa 256, 12 N.W.2d 236. We think the distinction is well stated in Pappas v. Evans, supra, 242 Iowa 804, 814, 48 N.W.2d 298, 304, where quoting from Restatement of the Law, Torts, section 463, Comment (b), it is stated: " 'Contributory negligence differs from that negligence which subjects the actor to liability for harm done to others in one important particular. Negligence is conduct which creates an undue risk of harm to others. Contributory negligence is conduct which involves an undue risk of harm to the person who sustains it. * * *.' "

 Examining Instruction No. 14 *as it applies to actionable negligence* upon the part of the appellants, in the light of the foregoing pronouncements, we think it constitutes prejudicial error in that under the factual situation appearing here the prox-

imity of the railroad grade crossing and the injuries sustained lack that proximate causation essential to a recovery. It may be said, that if defendant had not attempted to pass at this point the injury would not have happened; but to adopt this view is to say that since an injury resulted that fact alone may supply the causation. Such is not the law. Noland v. Kyar, 228 Iowa 1006, 292 N.W. 810.

Plaintiff-appellee testified: "I was driving just on my side of the road, the south half. * * * As I approached this railroad I would say I was going about 40 or 45 miles per hour. Just as I went upon it, just a little before that, I let up on the foot feed. I didn't stop, just let up. * * * Next thing I knew something hit me in the rear." Assuming these facts to be correct, the only possible explanation is that due to some manner in which defendant Prevo operated his car in attempting to pass, the collision occurred. It seems crystal-clear that under like circumstances the same results would follow had they occurred at a point miles removed from the railroad grade crossing. Ordinarily, the question of proximate cause is for the jury; and this rule is avoided only when there is a break in the chain of events, when some new and independent cause intervenes between the wrongful act and the injury. Waterloo Sav. Bk. v. Waterloo, C. F. & N. R., 244 Iowa 1364, 60 N.W.2d 572. This case shows such a break in the chain of circumstances, and the issue should not have been submitted to the jury.

II. Appellants assert the instruction is an incorrect statement of the law. In so far as it is claimed the instruction applies to actionable negligence, our holding in Division I hereof makes this contention immaterial. In so far as it applies to contributory negligence, the counterclaim, the verdict for plaintiff was necessarily based upon findings which would bar a recovery on the counterclaim, and is error, if error it be, without prejudice. Dosland v. Preferred Risk Mut. Ins. Co., 242 Iowa 1220, 49 N.W.2d 823, 29 A.L.R.2d 712.

For the reason set forth in Division I hereof the judgment of the trial court must be reversed.—Reversed.

BLISS, GARFIELD, WENNERSTRUM, SMITH, THOMPSON, and LARSON, JJ., concur.